## Commonwealth (ex rel., Appellant), *v.* Keister.

*Liquor laws—Federal and state regulations—Jurisdiction—18th. Amendment of Federal Constitution—Criminal law.*

1. Under section 2 of the 18th Amendment of the Constitution of the United States, each state as also Congress may exercise an independent judgment in regulating and shaping measures to enforce prohibition. Such as are adopted by Congress become laws of the United States, and such as are adopted by a state become the laws of the state. They may vary in particulars, including the penalties prescribed, but this is an inseparable incident of independent legislative action in distinct jurisdictions.

*Liquor law—Seizure of liquor—Retention of liquor for use as evidence—Petition to recover possession—When premature— Act of March 27, 1923, P. L. 34.*

2. An officer upon making an arrest on a criminal charge may also take into his possession the instruments of the crime, to be used as evidence upon the trial.

3. Where fermented grape juice, admitted to be intoxicating within the prohibited degree, is seized in defendant's residence at the time of his arrest on a warrant admitted to be proper, charging him with a violation of the liquor laws, defendant is not entitled to an order under section 11 of the Act of March 27, 1923, P. L. 34, for a return of the wine on the ground that it was nonintoxicating when made on his own premises from fruit juice and had since fermented, where the prosecution against him is still pending; and this is particularly so where he does not aver or prove that the wine was owned by him, or that he had manufactured the grape juice for himself or his family, or that it had been manufactured exclusively for use in a private dwelling.

4. There can be no sale or other disposition of liquor under the Act of 1923, where it has been seized as prohibited property, and where it is required for use as evidence, until after the trial of the person in whose possession it has been found.

5. A petition to recover the possession prior to such trial is premature.

Argued March 15, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.

Appeal, No. 72, March T., 1927, by plaintiffs, from judgment of Superior Court, April T., 1927, No. 18,

reversing order of Q. S. Westmoreland Co., Feb. T., 1926, No. 48, in case of Commonwealth ex rel. Joseph Policastro v. John R. Keister, District Attorney, et al. Affirmed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

Order of quarter sessions sustaining petition to return wine, reversed. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*James Gregg,* with him *Curtis H. Gregg,* for appellant.—The trial court had no knowledge of the pendency of the criminal proceeding against appellant.

The petition for the return of the wine was presented at the proper time: Com. v. Hibib, 85 Pa. Superior Ct. 198; Com. v. Vigliotto, 75 Pa. Superior Ct. 366; Com. v. Asturino, 6 Pa. D. & C. 537.

The Snyder Act is a valid exercise of the power of the state on the subject: United States v. Lanza, 260 U. S. 377; Grogan v. Walker, 259 U. S. 80; United States v. Katz, 271 U. S. 354; Street v. Deposit Co., 254 U. S. 88.

*John R. Keister,* District Attorney, for appellees.— A judge of the court of quarter sessions sitting prior to indictment and trial on a hearing of a reclamation petition, has not either the right or power to embarrass a well-founded criminal prosecution, by ordering the district attorney to surrender and return to the defendant certain personal property seized at the time and place of the arrest and now being temporarily held as indispensable evidence by the Commonwealth for the impending trial: Com. v. Grasse, 80 Pa. Superior Ct. 480; Com. v. Schwartz, 82 Pa. Superior Ct. 369; Com. v. Rubin, 82 Pa. Superior Ct. 315; Phila. v. Penna. Co., 214 Pa. 138.

OPINION BY MR. JUSTICE FRAZER, April 11, 1927:

The relator, Joseph Policastro, was arrested at his residence in the Borough of Greensburg, for alleged violation of the liquor law of this Commonwealth (Act of March 27, 1923, P. L. 341, known as the Snyder Act), on information preferred before a justice of the peace by a county detective, who had in his possession at the time a warrant and also a search warrant, both regular in form and properly issued. Coincident with the arrest the detective seized six barrels of fruit juice, which had become, by process of natural fermentation, wine of intoxicating strength. The six barrels of wine (three of which relator claims as his property) were turned over by the arresting officer to the district attorney of Westmoreland County, as necessary evidence to be used against relator at the eventual trial. Upon the day of relator's arrest and the seizure of his fermented fruit juice, he filed, under the provisions of section 11 D VI of the act above referred to, a petition to the court of quarter sessions for a return to him of the seized property, in which petition, among other things, he admitted his arrest by a county detective, for violation of the liquor law; that a search warrant had been issued to the officer and that the seizure was made by virtue of that warrant; that three barrels of fruit juice manufactured from grapes had been removed at the time of the arrest from his home, that the juice had been manufactured by him, on his premises from grapes, and had not been out of his possession until taken by the arresting officer; that "if the fruit juices are at the present time intoxicating, it is due to natural fermentation since their manufacture, while in the possession of the petitioner"; and prayed that a rule be granted, directed to the district attorney and the arresting officer, to show cause why the seized barrels of fruit juice should not be returned to petitioner. The rule thus asked for was granted by the court, and, upon hearing petitioner and his witnesses, the rule was made absolute and the district attorney di-

rected to return to petitioner the three barrels of fermented juice then in his custody. From this decree an appeal was taken to the Superior Court by the district attorney, which court reversed the lower court, 89 Superior Ct. 198; and on petition of relator an appeal to this court was allowed from the decree of the Superior Court.

Counsel for petitioner has felt called upon to present in the record of the case a voluminous and extensive range of argument, which if followed would lead into widespread ramifications of the prohibition question in its many aspects, necessitating much attention, not only to the Snyder Act of this State but to the federal prohibition law as well. We need not now assume that burden. The case as it comes before us resolves itself into one particular question for our determination: Has the district attorney, under the Snyder Act, the right to temporarily retain possession of the three barrels of fermented grape juice (which appellant at the hearing on the rule to show cause admitted to be intoxicating) for use as evidence at petitioner's trial? The law for the disposition of this question is found within the provisions of the act in question. However, inasmuch as petitioner's counsel in his argument seems to deem it essential for determination of the case that consideration be given to both the Pennsylvania Law and the Volstead Act, it will not be amiss to cite here the lucid statement made by Chief Justice TAFT in U. S. v. Lanza, 260 U. S. 377, as to the legislative regulations of the liquor question by the federal government and the several states. Under the second section of the Eighteenth Amendment, says the Chief Justice, "each state, as also Congress, may exercise an independent judgment in regulating and shaping measures to enforce prohibition. Such as are adopted by Congress become laws of the United States and such as are adopted by a state become the laws of that state. They may vary in many particulars, including the penalties prescribed, but this is an insep-

arable incident of independent legislative action in distinct jurisdictions."

Accordingly we have, as stated above, but one question before us and that to be determined by the provisions of the Snyder Act. We need not go beyond the bounds of that statute to reach a solution. This question involves merely the right of the district attorney to hold seized liquor admitted by its possessor to be an intoxicating beverage, for the purposes of evidence at a trial of the accused. We are consequently not concerned in the present proceedings with a consideration of the right of manufacture, possession and disposal of nonintoxicating fruit juice in the place of residence of the possessor.

The lawfulness of the arrest of petitioner by the county detective and the validity of the seizure of the intoxicating wine are nowhere questioned in the record of the case and are therefore admittedly not in dispute. We come then to the question as to the right of the district attorney to impound the criminatory property, not, for forfeiture, condemnation or destruction, but for the sole purpose of using it as evidence at the prospective trial of petitioner. The practice, and the legality of the practice, of thus holding such property as indispensable evidence at a forthcoming trial is too well established in this and other jurisdictions to admit of question at this late day. It is well settled that an officer making an arrest upon a criminal charge may also take into his possession the instruments of the crime and such other articles as may reasonably be of use as evidence upon the trial.

The officer not only has the lawful power to do so, but would be blameworthy if he failed in this respect. The maintenance of public order and the protection of society by efficient prosecution of public offenders require such action: Getchell v. Page, 18 L. R. A., N. S. 253; where a person stands charged with crime and instruments are, or devices were, found upon his person or in his possession which was a part of the means by which he ac-

complished the offense, those instruments, devices or tokens are legitimate evidence for the State and may be taken from him and used for that purpose: State v. Edwards, 51 W. Va. 220.

The proceeding instituted by petitioner in this case to have the three barrels of fermented grape juice, impounded by the district attorney, returned to him by order of the court, is authorized by section 11 D VI of the Snyder Act, which provides:

"Any person claiming the ownership of, or right of possession to, any intoxicating liquor,......or other property, the disposition of which is provided for in this section, may, at any time prior to the sale thereof, present his petition to the court, alleging his lawful ownership thereof or right of possession thereto, and if, upon public hearing thereon,......such claimant shall prove by competent evidence to the satisfaction of the court that said intoxicating liquor......was lawfully acquired, possessed, and used by him,......the court may order the same returned to the said claimant, otherwise it shall be destroyed or sold (as the case may be) as hereinafter provided."

Pursuant to these provisions, petitioner had his hearing in open court, gave his evidence and that of his witnesses, and the court ordered the fermented grape juice to be returned to him. If there were no other grounds for the reversal of the decree of the quarter sessions, ample justification for such reversal are found in the petition for the return of his property and in the evidence given at the hearing. Section 11 of the Snyder Act, quoted above, requires that the claimant shall allege in the petition, as to the property seized, "his lawful ownership thereof or right of possession thereto." We do not find such averment in the petition appearing in the record of this case. He avers he manufactured the fruit juice on his premises and that it had not been out of his possession until removed by the arresting officer. Here we have no claim of ownership of the seized liquor

or right of possession thereto of the impounded wine. These averments as to ownership and possession are wholly incomplete, vague and entirely unsatisfactory. The wine was in his possession when seized and he claims *no ownership whatever.* The same section of the Snyder Act requires that if upon public hearing petitioner "shall prove by competent evidence to the satisfaction of the court that the said intoxicating liquor......was lawfully acquired, possessed and used by him," the court may order the seized liquor returned to him. The evidence adduced at the hearing as given in the record of the case in nowise meets these requirements of the law. All we find in the testimony of petitioner himself as to ownership is this: Q. "How many barrels did you have there? A. Three of my own and three of my brother-in-law's." As to what "lawful use" was made by petitioner of the wine, there is not a word in the record. We find no evidence tending to prove or show that he had manufactured the fruit juice for use by himself or his family. The evidence shows petitioner purchased the grapes, from which the juice was extracted, that he and another transformed them into liquid and that the product was placed in barrels. There is no averment in the petition as to the manner in which the fermented juice was used or was intended to be used, and we may add here that even though petitioner could have shown that his production was mere nonintoxicating fruit juice, there was still a pit into which he would have fallen. Section 3 of the Snyder Act permits the manufacture of such nonintoxicating liquor, but these may be only "exclusively for use in the private dwelling." There is nothing in the testimony that even touches upon the manner in which the wine was used previous to fermentation or when it had become an intoxicant after fermentation. We consequently fail to find, as the Act of 1923 requires, that petitioner established his lawful ownership to the property seized, or proved that he had made lawful use of it.

We are mindful of the fact that the Snyder Act requires, in section 1, that "its provisions shall be liberally construed." But to permit so wide and flagrant a disregard of its provisions as is the situation in the case before us, would lead into a current of liberal construction that would render the law a protection for the guilty violator and provide no aid to the innocent, since upon acquittal his seized property goes back to him, if he proceeds under the act and obtains a proper order.

Aside from the question of the defective and inadequate petition for the return of the seized liquor and the entire insufficiency of the testimony adduced at the hearing to sustain petitioner's averments, there is the question raised by the district attorney relative to the premature presentation of the petition: Was it under the circumstances of this case presented to the quarter sessions court at the proper time, under the provisions of the Snyder Act? Petitioner claims it was. Undoubtedly section 11 D VI provides for such procedure, and the proceedings may be instituted "at any time prior to the sale" of the seized criminatory property,—in this case, the alcoholic fruit liquid. Prior to what sale? Certainly not a sale, the result of which would be to deprive the Commonwealth of essential evidence for use at a forthcoming trial. It is to be noted that under the provisions of the Snyder Act, immediately upon the seizure, petitioner lost all ownership and result of possession in the liquor seized. "No property rights," says section 11 (A) of that act, "shall exist in any intoxicating liquor or property designed for the manufacture or sale of intoxicating liquor intended for use in violating any of the provisions of this act,......but......the same shall be deemed contraband and shall be forfeited to the Commonwealth." So that the criminatory property seized becomes at once within and under the absolute control of the Commonwealth, to be used in such manner and at such time as the requirements of the administration of justice demand. Manifestly it is not intended by the act in question that the Commonwealth shall deliberately

relinquish its possession and control of contraband property, which would constitute the essential evidence, and conceivably the only evidence, within its reach to establish the innocence or guilt of one accused of violation of the liquor law. Neither the precise provisions, nor the range of the manifest purposes of the act, permit of so futile an interpretation. Sale, forfeiture or destruction are the means provided by the act for the ultimate disposal of the prohibited property which, when seized, is to be "taken to the district attorney, or the person designated by him, to be held by him subject to such disposition by the court as is hereinafter provided" (Section 8) and certainly there are no provisions or terms in the act that may be so interpreted as to sustain the contention that courts may decree the sale of seized prohibited property, in the shape of admittedly intoxicating wine, as in the present case, where it is unquestionably required for use as evidence at the trial. The final disposition of the property will be determined after petitioner's trial, and, until the accusation against him is disposed of by the quarter sessions court, the district attorney clearly has the right to retain possession of the intoxicant in question for use as evidence at petitioner's trial.

The judgment of the Superior Court is affirmed at petitioner's costs.