# Commonwealth *v.* Hunsinger, Appellant.

*Liquor law—Search warrants—Constitutional law—Description of articles seized—Evidence—Justice of the peace—Costs.*

1. Under article I, section 9, of the state Constitution, a search warrant must describe, as nearly as may be, the place to be searched and the person or things to be seized. If either of such descriptions is lacking, the warrant should not be issued, nor, if issued, should it be served.

2. The fact that a search warrant was wrongfully issued or served, does not alone prevent the articles seized thereunder from being offered in evidence, on the trial of such person.

3. The fact that the justice of the peace, who issues a search warrant, receives the costs allowed for so doing, has no effect on the question of admitting in evidence the articles seized under the warrant, on a trial of the person from whose possession they were taken.

Argued April 11, 1927. Before MOSCHZISKER, C. J.; FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 214, Jan. T., 1927, by defendant, from judgment of Superior Court, Oct. T., 1926, No. 173, affirming judgment of Q. S. Bradford Co., in case of Commonwealth v. S. L. Hunsinger. Affirmed.

Judgment on conviction under liquor laws. Before CULVER, P. J.

The opinion of the Supreme Court states the facts.

Judgment affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment of Superior Court, quoting record.

*J. R. Lilley,* of *Lilley & Wilson,* with him *Charles E. Mills* and *W. G. Schrier,* for appellant.

*David J. Fanning,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

Defendant was indicted, tried and convicted of a violation of the Enforcement Act of March 27, 1923, P. L. 34; the Superior Court affirmed the sentence imposed on him (Com. v. Hunsinger, 89 Pa. Superior Ct. 238) and therefrom we allowed the present appeal, limited, however, to the constitutional question involved, viz: In view of article I, section 9, of the Constitution of the State, did the trial judge err in admitting in evidence the articles for the illegal possession of which defendant was indicted, they having been seized by virtue of a search warrant, which defendants allege was issued and served in violation of the provisions of section 8 of the same article?

For the reasons given in Com. v. Connolly [the preceding case], we conclude that the things to be seized were sufficiently described in the search warrant here; but we are clearly of opinion that the place to be searched was not. It is stated to be a "certain place, room, house, building, boat, vehicle, structure, receptacle, premises, suitcase, automobile, wagon, truck, buggy occupied by and in possession of [defendant] situated in the ......of Towanda, county and state aforesaid, township, the said premises being more fully described as follows: Two-story frame building, outbuildings and premises." We know of no excuse for this method of describing the place to be searched, and hence decide the warrant was improperly issued. For all that appears, the "two-story frame building, outbuildings and premises" may have been in any one of scores of places.

As we pointed out in Com. v. Dabbierio, opinion filed herewith, despite this conclusion, there is no constitutional objection to the admission in evidence of the articles seized; nor, since the facts and circumstances are the same in that case as here, is there any valid objection

growing out of the supposed pecuniary interest of the justice of the peace who issued the search warrant.

The judgment of the Superior Court is affirmed, and it is ordered that the defendant, S. L. Hunsinger, appear in the Court of Quarter Sessions of the Peace of Bradford County, at such time as he is there called, and that he be by that court committed until he has fully complied with so much of his sentence as he has not already served.