# Commonwealth *v.* Dabbierio, Appellant.

*Liquor law—Search warrants—Constitutional law—Description of articles seized — Evidence — Wrongful issue — Justice of the peace.*

1. Under article I, section 8, of the Constitution of the State, a search warrant must describe, as nearly as may be, the place to be searched and the person or things to be seized. If either of such descriptions is lacking, the warrant should not be issued; nor, if issued, should it be served.

2. Article I, section 9, of the Constitution, does not forbid the receipt in evidence, on the trial of their former possessor, of articles taken under a search warrant which was wrongfully issued and served.

3. The fact that the justice of the peace, who issues a search warrant, receives the costs allowed for so doing, has no effect on the question of admitting in evidence the articles seized under the warrant, on a trial of the person from whose possession they were taken.

4. The Constitution of the State is to be interpreted in its popular sense, as the common people who adopted it, and made it their charter of government, must have naturally understood it when they voted on it.

*Appeals—Evidence—Record.*

5. A contention, unsupported by anything appearing in the record, will not be considered, by the appellate court.

*Appeals—Question not raised in court below.*

6. This court will not consider a point which was not raised in the court of first instance.

Mr. Justice KEPHART dissented.

Argued April 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 215, Jan. T., 1927, by defendant, from judgment of Superior Court, Oct. T., 1926, No. 174, affirming judgment of Q. S. Bradford Co., in case of Commonwealth v. Dan Dabbierio. Affirmed.

Judgment on conviction under liquor laws. Before CULVER, P. J.

The opinion of the Supreme Court states the facts. Judgment affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment of Superior Court, quoting record.

*J. R. Lilley,* of *Lilley & Wilson,* with him *Charles E. Mills, W. G. Schrier,* for appellant.—The complaint and search warrant were illegal: Com. v. Schwartz, 82 Pa. Superior Ct. 369.

The use of evidence obtained under the facts in these cases was in violation of defendants' constitutional rights: Com. v. Rubin, 82 Pa. Superior Ct. 315; Agnello v. U. S., 269 U. S. 20; Com. v. Schwartz, 82 Pa. Superior Ct. 369.

Determination of probable cause for a search warrant by a justice of the peace who had a direct and substantial pecuniary interest in reaching a conclusion against defendant and the subsequent use of evidence obtained thereby in a criminal prosecution deprived defendant of due process of law: Com. v. Adams, 21 Pa. Dist. 532.

*David J. Fanning,* District Attorney, for appellee.— The warrant was sufficient: McCarthy v. DeArmit, 99 Pa. 63; Com. v. Vigliotti, 75 Pa. Superior Ct. 366; Com. v. Schwartz, 82 Pa. Superior Ct. 369; Com. v. Stubler, 84 Pa. Superior Ct. 32; Com. v. Scanlon, 84 Pa. Superior Ct. 569.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

Defendant was indicted, tried and convicted of unlawfully having in his possession intoxicating liquors for beverage purposes, contrary to the Enforcement Act of March 27, 1923, P. L. 34. From the sentence which followed in due course, he appealed to the Superior Court, which affirmed the judgment (Com. v. Dabbierio,

—there misprinted as Dabbiero,—89 Pa. Superior Ct. 435), and from that affirmance we allowed the present appeal, limited to the constitutional question involved, viz: Was defendant deprived of the right given him by article I, section 9 of the Constitution of the State, by the admission in evidence of the intoxicating liquors, for the illegal possession of which he was indicted, in view of the fact, as he alleges, that the Commonwealth obtained possession of them through a search warrant which was wrongfully issued and served?

His contention regarding the search warrant is well founded. Article I, section 8 of our Constitution provides that "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." In the present instance, no attempt was made, either in the affidavit or warrant, to describe the place to be searched. On the contrary, it was agreed by the affiant and the justice of the peace, who issued the warrant, that the place to be searched should be left blank in both, until after the exact location had been ascertained by service of the warrant, when each blank was to be filled in, by stating that place. Such a warrant ought not to have been issued, and, if issued, ought not to have been served. Defendant's remedy, however, is not in this proceeding; but we are thus brought at once to the paramount question to be decided on this appeal: Does article I, section 9, forbid the admission in evidence of the intoxicating liquors seized on such a warrant?

It provides that "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his fa-

vor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land." Even if we were to wrest the clause relied on from its context, which of course we cannot rightly do, and were then to give to the plain language its natural and obvious meaning, we would be compelled to say that offering in evidence articles, wrongfully taken on a search warrant, could not possibly be compelling a defendant "to give evidence against himself"; yet the federal and state courts have differed most amazingly on the question of whether it does or does not. As pointed out in People v. Defore, 242 N. Y. 13, the courts of last resort in fourteen states, and the Supreme Court of the United States, hold that articles obtained by means of an illegal search warrant, cannot be used in evidence against the party from whose possession they were thereby taken, while thirty-two courts of last resort hold that they can be. To this latter number should be added the English courts, the Superior Court of this State, and most of the text writers. A large, but not complete list of the authorities holding the evidence admissible, will be found in Com. v. Street, 3 Pa. Dist. & County Reports 783, 795.

Speaking generally, those who claim the evidence should not be received, aver that the use of the articles thus obtained is as injurious to a defendant as would be a confession forced from him by torture; on the other side it is answered that, assuming but not admitting this to be so, it does not show that there is any constitutional provision on the subject, and, as the Commonwealth here contends, that article I, section 9, the only one relied on by defendant, certainly does not furnish a sufficient reason for the exclusion of the evidence thus obtained. We agree with this latter conclusion.

In this State, we have consistently held to the rule that the language of the Constitution is to be interpreted in its popular sense, as the common people who adopted it, and made it their charter of government, must have naturally understood it when they voted on it: Gottschall v. Campbell, 234 Pa. 347; Long v. Cheltenham Township School District, 269 Pa. 472; Collins v. Kephart, 271 Pa. 428; Busser v. Snyder, 282 Pa. 440; Com. v. Yerkes, 285 Pa. 39. So far as we have been able to ascertain, although, as we have already stated, there have been many opinions holding that articles thus improperly seized cannot be received in evidence against the objection of their original possessor, no one has been bold enough to assert that the common people would naturally have understood that, if they were so received, this would be compelling him, from whom they were taken, "to give evidence against himself." That it is not, is readily seen to be true when the context is taken into account. A plain man, reading the section in its entirety, and finding that most of the clauses, especially those which immediately precede and follow the one under consideration, relate to the trial of the accused, would naturally think this one likewise related thereto. The utmost to which such a man would go, would be to suppose that possibly the constitutional provision was intended to prevent the compelling of a defendant, either before or at the trial, to say something which could be used in evidence against him. Either interpretation defeats defendant's contention.

To the plain man, whose understanding of the language used in the Constitution, is, with us, the determinative factor, it would be just as accurate to say that the thief *gives evidence* against himself, when the stolen watch, taken from him at the time of his arrest, is offered in evidence on his trial, as that the illicit distiller *gives evidence* against himself, when, on his trial, the contraband goods, taken from him by means of a search warrant, are offered in evidence. To the plain man it is

clear the illegal possessor is not giving evidence in either case. To such a man, it is also clear that the illegal possessor is just as much being compelled to give evidence against himself, if the contraband liquors, forcibly taken from him, are so taken by means of a legally issued and served search warrant, as if they are so taken by one illegally issued and served. In either case, the articles are compulsorily taken from the defendant, and used in evidence against him; yet, although the plain meaning of the constitutional provision either excludes it in both events or in neither, even the most positive of those who contend against this view of the plain man, would not exclude the evidence if the search warrant was properly issued and served. It follows that, since the constitutional provision under consideration did not forbid the admission in evidence of the liquors, though taken under a search warrant wrongfully issued and served, and no other constitutional provision had any bearing on the subject, appellant's constitutional rights were not infringed by their receipt in evidence, and the only point on which the appeal was allowed must be decided against him.

We have not overlooked the decisions of the Supreme Court of the United States upon substantially similar facts; but the 4th and 5th Amendments to the Constitution of the United States, upon which those decisions were based, "have reference to powers exercised by the government of the United States, and not to those of the states": Ohio ex rel. Lloyd v. Dollison, 194 U. S. 445, 447; National Safe Deposit Co. v. Stead, 232 U. S. 58; Weeks v. United States, 232 U. S. 383. We fully recognize the great persuasive effect to be given to the decisions of that eminent tribunal, even where they are not binding on us; but we find ourselves in more complete accord with what it says in McGuire v. United States, 273 U. S. 95, 99, its latest case having any bearing on the subject,—though there it reaffirms its earlier rulings, above referred to, when exactly the same facts appear,—

viz: "Even if the officers were liable as trespassers ab initio, which we do not decide, we are concerned here not with their liability, but with the interest of the government in securing the benefit of the evidence seized, so far as may be possible without sacrifice of the immunities guaranteed by the 4th and 5th Amendments. A criminal prosecution is more than a game in which the government may be checkmated, and the game lost merely because its officers have not played according to rule. The use by prosecuting officers of evidence illegally acquired by others does not necessarily violate the Constitution, nor affect its admissibility."

The final suggestion made by defendant, to the effect that the justice of the peace who decided that probable cause existed, and issued the search warrant, was not qualified to act because he was to be paid for so doing by the costs allowed, and to receive nothing if he refused to issue the warrant, has nothing on this record to support it. Besides, this question was not suggested in the criminal court, nor in the Superior Court, and cannot be raised for the first time here: Armstrong & Latta v. Phila., 249 Pa. 39; Pfeffer v. Johnstown, 287 Pa. 370; Ana Maria Sugar Co. v. Quinones, 254 U. S. 245. Moreover, the late decision by the Supreme Court of the United States, in Tumey v. State of Ohio, 47 Supreme Ct. Rep. 437, which seems to have been the cause of this belated objection, would not help defendant, even if the point had been made in due course. There the judge who tried the case was held to be interested by reason of the fees and costs he received in the event of conviction only; here the justice of the peace decided only an interlocutory question, in an entirely different proceeding, defendant's trial being had in the criminal court. It might just as well be said that an administrative officer, authorized to issue writs for service of process, if a proper affidavit is filed, is debarred from acting, if the costs are to be paid to such officer by the party who asks for the writ.

The judgment of the Superior Court is affirmed, and it is ordered that the defendant, Dan Dabbierio, appear in the Court of Quarter Sessions of the Peace of Bradford County, at such time as he is there called, and that he be by that court committed until he has fully complied with so much of his sentence as he has not already served.

Mr. Justice KEPHART dissented.