# Commonwealth v. Connolly, Appellant.

# Commonwealth v. O'Hearn, Appellant.

# Commonwealth v. Gleason, Appellant.

*Liquor law—Search warrants—Constitutional law—Description of articles seized—Evidence—Wrongful issue of warrant—Justice of the peace—Acceptance of costs.*

1. Under article I, section 9, of the state Constitution, a search warrant must describe, as nearly as may be, the place to be searched and the person or things to be seized. If either of such descriptions is lacking, the warrant should not be issued, nor, if issued, should it be served.

2. Where the things to be seized under a search warrant are illegally possessed by defendant, and are hidden by him from the public authorities, less particularity is required in describing them than in describing the place to be searched.

3. Where the premises to be searched are accurately stated, the things to be seized therein may be described in general language, if, by reason of their being illegally kept, this is, "as nearly as may be," the best description which can be given.

4. Where a search warrant complies with the requirements of article I, section 9, of the Constitution of the State, and it has been properly served, the articles seized may be offered in evidence on the trial of the person from whose possession they were taken.

5. The fact that a search warrant was wrongfully issued or served, does not alone prevent the articles seized thereunder from being offered in evidence, on the trial of such person.

6. The fact that the justice of the peace who issues a search warrant, receives the costs allowed for so doing, has no effect on the question of admitting in evidence the articles seized under the warrant, on a trial of the person from whose possession they were taken.

Argued April 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 216, 217 and 218, Jan. T., 1927, by defendants, from judgments of Superior Court, Nos. 175, 176 and 183, Oct. T., 1926, affirming judgments of Q. S. Bradford Co., in cases of Com. v. R. E. Connolly; Com. v. William O'Hearn and Com. v. Daniel Gleason. Affirmed.

Judgments on conviction under liquor laws. Before CULVER, P. J.

The opinion of the Supreme Court states the facts.

Judgments affirmed. Defendants appealed.

*Errors assigned* were judgments of the Superior Court, quoting record.

*J. R. Lilley,* of *Lilley & Wilson,* with him *Charles E. Mills* and *W. G. Schrier,* for appellants.

*David J. Fanning,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

In these cases, the defendants were indicted, tried and convicted of a violation of the Enforcement Act of March 27, 1923, P. L. 34; the Superior Court affirmed the sentences imposed on them (Com. v. Connolly, 89 Pa. Superior Ct. 243; Com. v. O'Hearn, and Com. v. Gleason, 89 Pa. Superior Ct. 244) and therefrom we allowed these three appeals, limited, however, to the constitutional question involved, viz: In view of article I,

section 9 of the Constitution of the State, did the trial judge err in admitting in evidence the articles for the illegal possession of which defendants were indicted, they having been seized by virtue of search warrants which defendants allege were issued and served in violation of the provisions of section 8 of the same article? In the second and third of the appeals, defendants assert that the affidavits for and the search warrants in those cases, "were substantially identical with those" in the first case. We shall, therefore, only consider it specifically.

The constitutional provision last referred to, specifies that "no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." The search warrants here were evidently typewritten or printed so as to cover all cases of a similar character, with blanks left to be filled in to describe "as nearly as may be," the place to be searched and the things to be seized. It would be better if such drafts were used only to guide the one who makes the affidavit and the justice of the peace or magistrate who issues the warrant, the affidavit and warrant being entirely rewritten in each case as it arises, so as to omit all irrelevant matter appearing in the draft, but we cannot say that the failure so to do makes the affidavit or warrant void if sufficient is stated to comply with the requirements of the constitutional provision. It is evident, also, that greater accuracy should be observed in describing the place wherein the things to be seized are located, than in describing the things themselves. The former cannot be wholly concealed; the latter may be, and usually are, especially where, as here, those things are unlawfully possessed, and do not legally belong to their possessor, but to the Commonwealth. Hence the wisdom of the clause "as nearly as may be."

In the instant cases, the things to be seized are stated as being intoxicating liquors, the containers thereof and the articles generally used in their manufacture. This is probably as particularly as they could be stated; and hence we cannot hold that, from the generality of the language used, the justice of the peace did not have probable cause for issuing the warrant. The paragraph regarding the place to be searched starts off in most general language, which might well have been omitted, but ends thus: "the said premises being more fully described as follows: situate at the southwest corner of Spring and Bradford Streets, Sayre Borough, County of Bradford and State of Pennsylvania, being a two-story frame building used as a dwelling apartment and saloon." Surely no complaint can be made to this description.

Since no substantial legal objection exists as to the search warrant, the basis of the complaint against the admission of the seized articles in evidence, necessarily fails; but, if it did not, what we say in Commonwealth v. Dabbierio [the preceeding case] likewise answers the objection in these cases. So, also, our ruling in that case as to the supposed pecuniary interest of the justice of the peace who issued the search warrant, applies here also, since the facts and circumstances are the same there as here.

The three judgments of the Superior Court are affirmed, and it is ordered that each of the defendants, R. E. Connolly, William O'Hearn, and Daniel Gleason, appear in the Court of Quarter Sessions of the Peace of Bradford County, at such time as he is there called, and that he be by that court committed until he has fully complied with so much of his sentence as he has not already served,