Commonwealth *v.* Dugan et al., Appellants.

384

Argued October 30, 1940.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John J. McGrath*, for appellants, submitted a brief.

*Chauncey Pruger*, Assistant District Attorney, with him *Andrew T. Park*, District Attorney, for appellee.

OPINION BY RHODES, J., January 30, 1941:

Defendants, Edward Dugan and Thomas Mitchell Irwin, before their trials, presented petitions asking the lower court to suppress as evidence certain personalty and moneys which police officers seized without search warrants.

Defendants were convicted on two indictments charging burglary; one defendant, Thomas Mitchell Irwin, was also found guilty of receiving stolen goods. Sentences were imposed.

The record does not disclose a request for a new trial; at least there has been no appeal from a refusal.

The sole assignment of error relates to the dismissal of the petitions to suppress evidence, and discharge of the rules issued thereon.

Defendants' contention is that since the police officers had no search warrants the property seized should have been suppressed as evidence.

Without referring to matters of procedure, we may forthwith state that defendants' position is untenable, and the orders of the court below must be affirmed.

The petition of defendant Dugan set forth that on January 2, 1940, he was arrested and incarcerated in the Allegheny County Jail; that on the same day the police officers searched the home occupied by the petitioner, and took therefrom $4,100, lawful money of the United States, and other personal property belonging to the petitioner; that on the same day the police officers also searched a garage at 7721 Edgerton Street, Pittsburgh, and took therefrom a large amount of personal property; that the personal property obtained was held as evidence to be introduced against the petitioner at his trial; and that the searches and seizures were unlawful and illegal, since the police officers had no search warrants.

A rule was granted on the district attorney to show cause why the evidence mentioned in the petition should not be suppressed. The district attorney filed an answer to the petition admitting the searches and seizures, and that the money and articles were held as evidence, but denied that the sum of $4,100 was the personal property of petitioner, and averred that the money was a part of the loot secured by petitioner in his criminal activities.

The petition of defendant Irwin averred that on January 2, 1940, the police officers searched the home occupied by the petitioner, and took therefrom $1,200, lawful money of the United States, and other personal property belonging to the petitioner. In other respects

the averments were the same as those in the petition of defendant Dugan. A rule was issued thereon, and a similar answer filed by the district attorney.

Disposition of the rules came before FARR, P. J., specially presiding, before whom the district attorney and counsel for defendants appeared with the pleadings. It was admitted that no search warrants had been issued. The rules were discharged and the petitions dismissed. Defendants appealed.

It may very properly be assumed for the purpose of these appeals that the money and other property seized were stolen. The defendants in their petitions did not allege that they owned the garage which was searched, or that they were the owners of the personal property which was taken therefrom; nor did they establish, in so far as the record before us discloses, that the money seized belonged to them. See *Chicco et al. v. United States,* 284 F. 434, 436.

Counsel for defendants apparently recognizes that the fourth and fifth amendments to the Constitution of the United States are not applicable (*Com. v. Dabbierio,* 290 Pa. 174, 179, 138 A. 679; *Com. v. Grasse,* 80 Pa. Superior Ct. 480, 485), but relies on article 1, §8, PS Const. art. 1, §8, of our state Constitution, which provides that: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." This section does not forbid searches and seizures without a warrant, but is "only directed against unreasonable searches and seizures": *Com. v. Schwartz,* 82 Pa. Superior Ct. 369, at page 372. What is "unreasonable" is left to judicial determination.

Even if the police officers were not acting under legal authority, and the searches and seizures were with-

out warrant and unreasonable, defendants would not be entitled to have stolen property suppressed as evidence at the trial. Admissibility in evidence of the seized property in the instant case was not affected by any illegality of the means through which it was obtained. *Com. v. Vigliotti (No. 1)*, 75 Pa. Superior Ct. 366, 378; *Com. v. Gross*, 125 Pa. Superior Ct. 373, 189 A. 726. See, also, *Com. v. Schwartz*, supra, p. 378; *Com. v. Colpo*, 98 Pa. Superior Ct. 460, 462 (certiorari denied 282 U. S. 863, 75 L. Ed. 763).

We recognize the propriety and logic of this rule, which have been frequently discussed in the decisions of our appellate courts. *Com. v. Dabbierio*, supra, pp. 178, 179; *Com. v. Rubin*, 82 Pa. Superior Ct. 315, 327; *Com. v. Schwartz*, supra, p. 379; *Com. v. Grasse*, supra, p. 484. Inadmissibility of the evidence in the instant case must be found on grounds other than the means by which it was procured. The method of procurement is the only thing here involved. Our courts have repeatedly held that there is no constitutional barrier to the offering in evidence against one charged with crime such property thus secured. *Com. v. Grasse*, supra, p. 484. Moreover, in this state it is recognized that proof of the commission of a crime is admissible in evidence even though obtained as the result of an unlawful search and seizure. See *Com. v. Street et al.*, 3 D. & C. 783, 794 (3).

In *Com. v. Rubin*, supra, 82 Pa. Superior Ct. 315, at page 327, in an opinion by Judge PORTER, this court said: " 'If the search warrant were illegal, or if the officer ...... exceeded his authority, the party on whose complaint the warrant issued, or the officer, would be responsible for the wrong done; but this is no good reason for excluding the papers [lottery tickets] seized in evidence, if they were pertinent to the issue, as they unquestionably were. When papers are offered in evidence the court can take no notice how they were ob-

tained, whether lawfully or unlawfully; nor would they form a collateral issue to determine that question': *Com. v. Dana,* 2 Metcalf (Mass.) 329; *Stevison v. Ernest,* 80 Ill. 513."

In *Com. v. Dabbierio,* supra, 290 Pa. 174, at page 179, 138 A. 679, at page 681, our Supreme Court said: "It follows that, since the constitutional provision [art. 1, §9, of the Constitution of Pennsylvania] under consideration did not forbid the admission in evidence of the liquors, though taken under a search warrant wrongfully issued and served, and no other constitutional provision had any bearing on the subject, appellant's constitutional rights were not infringed by their receipt in evidence, and the only point on which the appeal was allowed must be decided against him." See, also, *Com. v. Connolly,* 290 Pa. 181, 138 A. 682; *Com. v. Hunsinger,* 290 Pa. 185, 138 A. 683; *Com. v. Sullivan,* 91 Pa. Superior Ct. 544, 548.

Counsel for defendants seems to argue that, although the provisions of the Constitution of Pennsylvania may not apply to property, the possession of which has been absolutely prohibited by statute, they do apply here where the property seized was allegedly stolen. There is no basis for such a distinction.

In *Com. v. Grasse,* supra, 80 Pa. Superior Ct. 480, at page 484, we said: "It has not yet been held that a burglar or counterfeiter has the right to the return to him of the implements or tools of his trade seized by an officer without a search warrant; nor that a thief is entitled to have returned to him stolen goods found in his possession. The provisions of the Constitutions here invoked do not prevent the offering in evidence against one charged with crime such evidence thus secured."

The action of the court below was in conformity with the law. Its orders and judgments are affirmed.