## Commonwealth v. Cohen, etc.

*Thomas D. McBride* and *Herbert F. Holmes, Jr.*, for petitioner.

*Samuel Dash*, assistant district attorney, and *Richardson Dilworth*, district attorney, for Commonwealth.

CARROLL, J., April 2, 1953.—This case arises as a result of the search of petitioner's business premises and the seizure of certain records, books, documents,

and papers found thereon pursuant to a warrant which is challenged as being illegal and void.

Petitioner maintains a garage business at 1703 North Twelfth Street, Philadelphia. On June 18, 1952, county detectives accompanied by an assistant district attorney, searched these premises and seized and carried away books and papers belonging to petitioner. Later, these books and papers were returned to petitioner. But the district attorney retains copies of certain of these documents. Petitioner seeks an order suppressing all evidence gained from his books and papers while they were in the possession of the district attorney. Also sought is an order compelling the delivery up to petitioner of all copies of his books and papers made by the district attorney and now in his possession.

The Commonwealth virtually concedes, as it must, that the search warrant was illegal.[1] There was no showing on any basis whatever for the search of petitioner's premises without a warrant, or the seizure of his books and papers. What are the consequences of the illegal search and seizure in this case? The district attorney has already returned all of petitioner's books and papers. Hence, there is no need to order their return.

Petitioner contends he is entitled to an order suppressing all evidence gained from his books and papers while they were in the district attorney's possession. He argues that the provisions of the Pennsylvania Constitution, article I, sec. 8, and article II, sec. 9, compel the suppression of such evidence. This is the

---

[1] The description of the property is general, vague, inadequate, "out of proportion to the ends sought" (see Learned Hand, C. J., in McMann v. Securities and Exchange Commission, 87 F 2d 377, 379 (C. A. 2)). The search and seizure were unreasonable. The complaint and affidavit do not state facts establishing probable cause. Hence the warrant is illegal and void in contravention of the Pennsylvania Constitution, art. I, sec. 8.

rule prevailing in the Federal courts. However, the Pennsylvania law is clearly contrary. Articles taken under a warrant wrongfully issued are nevertheless admissible in evidence against the owner: Commonwealth v. Dabbierio, 290 Pa. 174 (1927). Such a holding does *not* violate the fourteenth amendment to the United States Constitution: Wolf v. Colorado, 338 U. S. 25 (1938).

Since the evidence is admissible there is no basis for its suppression. But the further argument is made that unless the evidence be suppressed petitioner will have been "compelled to give evidence against himself" in violation of article I, sec. 9, of the Pennsylvania Constitution.

The legality of the search warrant does not control this specific question. Factually there may be any of four similar situations: (1) Where a legal warrant issued; (2) where an illegal warrant issued; (3) where no warrant issued, or (4) where there was an outright theft of the books and papers.

Under the Pennsylvania law, in none of the above four situations is the accused held to have been "compelled" to give evidence against himself by the admission into evidence of the articles seized from him: Commonwealth v. Dabbierio, supra. It seems to us that there is a stronger argument that self-incrimination has been compelled when a *legal* warrant issued than when a *legally void* warrant issued or no warrant issued whatever. The essential difference is that if no *legal* warrant issued, the accused has the right to complain civilly and criminally against those who did the seizing.

The Pennsylvania law is in accord with the view that the constitutional inhibition applies only where defendant is required to give testimonial evidence. Petitioner, for instance, could not be called to the stand and compelled to identify or authenticate the

articles seized: Commonwealth v. Dabbierio, supra; cf. 8 Wigmore on Evidence (3d ed.), p. 362, sec. 2263. Therefore, petitioner is not entitled to an order suppressing the evidence.

There remains the question of whether petitioner is entitled to have delivered up to him all copies of the articles seized illegally. Were petitioner's papers and writings artistic or literary in quality there could be no doubt of an affirmative answer to this question.[2] Both the law of property and copyright would support that result: 34 Am. Jur. 408, 409, "Literary Property and Copyright".

Is the answer different merely because petitioner's writings were nonartistic but esentially private business documents? It seems that, copyright to one side, the law recognizes a property right in written matter even without literary or artistic merit: 34 Am. Jur. 408, 409, 412, 413. The one who creates and possesses such writings has a right apart from the paper on which they have been recorded that no person shall without his consent abstract the writings. To seize such information without consent of the owner by means which are not only illegal but in violation of the Pennsylvania Constitution is to violate a legally protected right. This right is one of property in the ideas and information recorded on the papers. It is also founded on the right of privacy which must certainly be recognized at least to the extent that article I, sec. 8 of the Pennsylvania Constitution expressly protects and assures that "the people shall be secure in

---

[2] As to the return of the original of the private books and papers, an issue we are not here concerned with, see Commonwealth v. Rubin, 82 Pa. Superior Ct. 315, 325 (1923). See also Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369, 379 (1923) which the Commonwealth says distinguishes between books and papers and contraband liquor, contending that: "This distinction was made only for the purpose of indicating what seized property could be *returned* and what could not."

their persons, houses, papers and possessions from unreasonable searches and seizures".

Hence, petitioner would be entitled to the return not only of the actual records and papers themselves but also of all copies thereof made by respondent without petitioner's consent following the illegal seizure of the books, papers, records and documents. See Dock v. Dock, 180 Pa. 14, 21 (1897) where the Supreme Court upheld the property right in letters and specifically required the lower court to "administer full relief as to all the matters in the bill, both the letters and the alleged copies: Bispham's Eq. 566". Cf. Simmons Hardware Co. v. Waibel, 1 S. D. 488, 47 N. W. 814 (1891) requiring defendant to deliver up to plaintiff copies of plaintiff's business documents illegally made by defendant.

In accordance with this determination it is ordered and decreed that the district attorney forthwith deliver up to petitioner any and all copies of the books, records, papers and documents seized from petitioner on June 18, 1952.