Commonwealth, Appellant, *v.* Montanero.

Argued March 18, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and WRIGHT, JJ. (GUNTHER, J., absent).

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District At-

torney, and *Richardson Dilworth,* District Attorney, for appellant.

*George T. Guarnieri,* for appellee.

OPINION BY RENO, J., April 14, 1953:

Appellee was arrested on a warrant charging a violation of The Penal Code of June 24, 1939, P. L. 872, §607, 18 P.S. §4607, which defines pool-selling and book-making. His premises were searched under a concededly defective search warrant and an Armstrong racing sheet "and four torn sheets of paper bearing pencil markings thereon" were seized. Appellee was arraigned before a magistrate and entered bail for appearance at the next term of the quarter sessions court. Before an indictment was found against him, he petitioned the court below for an order quashing the search warrant and for a discharge. The court properly held that, having entered bail, appellee was not entitled to a discharge, and refused that prayer of the petition. The search warrant was held illegal and as to that the court entered the following order: "Accordingly, the petition to quash the search warrant is granted and *the papers seized thereunder are suppressed as evidence* and ordered returned to the defendant." (Italics added.)

The Commonwealth appealed and challenged only the italicized part of the order. It acknowledges that the search warrant was illegally issued and the papers seized under it have been returned to appellee, agreeably to the order. It will not attempt to secure possession of them by a new search warrant. But does intend to offer secondary evidence of the contents of the papers at the trial of the case and it apprehends that such testimony may be rejected upon the basis of the order of suppression. The order is definitive in

its nature and the Commonwealth was entitled to an appeal. *Com. v. Loesel,* 155 Pa. Superior Ct. 461, 38 A. 2d 523.

The seized papers are conceded by appellee to "contain memoranda of bets made". In his brief, he states further: "The Record does not indicate whether these papers be memoranda of bets received from others by defendant or bets made by the defendant himself. The Record doesn't show whose records they are, whether they be in defendant's handwriting, whether they be records made by someone other than the defendant, whether they be records made by someone for or on behalf of the defendant." Without evidence of the nature of the papers we cannot determine their character, and the questions raised by appellee's brief will be resolved at the trial before secondary evidence of the contents of the papers is received.

But, there can be no doubt concerning the admissibility of secondary evidence. *Com. v. Hubbard,* 65 Pa. Superior Ct. 213, expressly rules that, while a defendant in a criminal trial cannot be required to produce an incriminating paper in his possession, the Commonwealth may introduce secondary evidence of its contents. Caveat: See *Com. v. Valeroso,* 273 Pa. 213, 116 A. 828.

Nor will the fact of their illegal seizure exclude evidence of their contents. In *Com. v. Agoston,* 364 Pa. 464, 484, 72 A. 2d 575, the Supreme Court, speaking through MAXEY, C. J., and quoting 8 Wigmore on Evidence, §2183, flatly held: " '[I]t has long been established that the admissibility of evidence is not affected by the illegality of the means through which the party has been enabled to obtain the evidence' ", citing *Com. v. Connolly,* 290 Pa. 181, 138 A. 682, and *Com. v. Hunsinger,* 290 Pa. 185, 138 A. 683. These authorities have been followed in a long line of cases which uniformly

hold that the admissibility of evidence is not affected by the illegal methods by which it was procured. *Com. v. Dabbierio,* 290 Pa. 174, 138 A. 679; *Com. v. Dugan,* 143 Pa. Superior Ct. 383, 18 A. 2d 84; *Com. v. Grasse,* 80 Pa. Superior Ct. 480; *Com. v. Rubin,* 82 Pa. Superior Ct. 315; *Com. v. Schwartz,* 82 Pa. Superior Ct. 369.

It follows that, since appellee's original papers could have been received in evidence, notwithstanding their illegal procurement, secondary evidence of their contents, if otherwise qualified for admission, cannot be rejected on that ground.

Appellee relies upon cases decided by the United States Supreme Court, such as *Boyd v. U. S.,* 116 U. S. 616, 6 S. Ct. 524; *Adams v. New York,* 192 U. S. 585, 24 S. Ct. 372; and *Weeks v. U. S.,* 232 U. S. 383, 34 S. Ct. 341. These cases and their cogeners lay down rules of evidence which apply only in the Federal courts. They are not binding upon the courts of this State and have been expressly repudiated by them. *Com. v. Dabbierio,* supra; *Com. v. Schwartz,* supra. Moreover, the United States Supreme Court has held that its rule which excludes illegally obtained evidence is not applicable to trials in state courts, *Wolf v. Colorado,* 338 U. S. 25, 69 S. Ct. 1359, and has recognized our *Dabbierio* case as an authoritative pronouncement of Pennsylvania's posture. See also *Stefanelli v. Minard,* 342 U. S. 117, 72 S. Ct. 118.

So that the Commonwealth may not be prejudiced in its effort to introduce secondary evidence at appellee's trial, the provision in the order, to wit, "the papers seized thereunder are suppressed as evidence", is eliminated therefrom, and to that extent the order is modified.

The order of the court below, as modified, is affirmed.