**William E. KNUCKLES, C-9787, Petitioner,**

v.

**Gilbert WALTERS et al., Respondents.**

**Civ. A. No. 72-869.**

United States District Court,
W. D. Pennsylvania.

Feb. 20, 1973.

---

## MEMORANDUM and ORDER

McCUNE, District Judge.

William E. Knuckles has filed a pro se petition for writ of habeas corpus alleging certain errors and violations of his constitutional rights during his trial in 1957 for armed robbery, possession of a deadly weapon and narcotics violations.

Petitioner alleges three grounds as a basis for his requested relief:

1. He was denied effective assistance of counsel.

2. The introduction of his prior criminal record was prejudicial.

3. Evidence which was the fruit of an illegal search and seizure was admitted at trial.

We have obtained and reviewed with care petitioner's state court records. We can find no evidence that he has exhausted his state court remedies on the first two issues raised in his petition as required by 28 U.S.C. § 2254(b). Therefore we decline to take jurisdiction over those allegations of the petition.

Accordingly as to allegations 1 and 2, the petition shall be ordered dismissed. The third allegation, however, must be discussed more fully.

The state court records reveal that petitioner was convicted by a jury at Nos. 23, 53, and 54 March Term, 1957, Oyer and Terminer of Allegheny County, Pennsylvania. He was sentenced to 9 to 18 years in jail. Only the validity of the conviction at No. 53 (possession and control of narcotic drugs) is now before us.[1]

The trial transcript indicates that the petitioner and another man were arrested on February 2, 1957, for an armed robbery which occurred on January 19, 1957. While petitioner was being held at police station No. 12, the Pittsburgh police applied for and received a search warrant from a Magistrate Fiorucci to search the petitioner's rented room at 120 Trent Street, Pittsburgh. The police executed the warrant sometime between 8:00 and 10:00 o'clock p. m. on February 2, 1957. They were let into petitioner's room by the landlady. During their search the police seized "two bags"

---

1. Petitioner has diligently litigated the constitutionality of his conviction. He did not appeal his conviction. In 1967, however, he filed a Post Conviction Hearing Act petition raising, inter alia, the issue of illegal search and seizure. He has filed at least six appeals of one sort or another with the state appellate courts while pursuing his claim.

of heroin, two spoons, two needles, one syringe and three .38 caliber bullets. At trial petitioner confessed to possession of the narcotics found in his room.

Petitioner contends that the search and his resultant conviction was constitutionally defective. He contends that the evidence seized should have been suppressed under Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Other than the allegation that there was "no probable cause for arrest, search and seizure" he does not say specifically why the search was defective. He merely argues that *Mapp* applies. *Mapp*, of course, was decided after petitioner's trial and is not retroactive in its application to convictions which had become final prior to *Mapp*. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

Petitioner contends, however, that since The Pennsylvania Supreme Court in 1971 ordered that he be permitted to file post trial motions *nunc pro tunc* that his conviction never became "final"[2] for purposes of *Linkletter* and therefore, *Mapp* applies.[3]

The Allegheny County Court of Common Pleas rejected petitioner's argument and held that his conviction was final prior to *Mapp*. The decision was affirmed per curiam, without opinions, by the Pennsylvania Superior and Supreme Courts.

We agree with the result of the state court decisions and, therefore, insofar as the case at bar is concerned, we think

that the case is "final" and *Mapp* does not apply.

In *Linkletter* the Court discussed the policy reasons why Mapp should not be given retroactive effect. While it is true that this case may no longer be "final" because of the indulgence of the Pennsylvania Supreme Court, we do not think that technical definitions should be employed to override the public policy considerations which the Court discussed. The Court pointed out that:

" . . . there are interests in the administration of justice and the integrity of the judicial process to consider. To make the rule of *Mapp* retrospective would tax the administration of justice to the utmost. Hearings would have to be held on the excludability of evidence long since destroyed, misplaced or deteriorated. If it is excluded, the witnesses available at the time of the original trial will not be available or if located their memory will be dimmed. To thus legitimate such an extraordinary procedural weapon that has no bearing on guilt would seriously disrupt the administration of justice." 381 U.S., at 637–638, 85 S.Ct. at 1742.

Here the trial occurred eleven years ago. The search warrant in issue cannot be found.[4] There is no question that the evidence was relevant and reliable. In any event at trial petitioner admitted possessing the narcotics. Granting retroactivity under these circumstances would debase the integrity of the judicial process and, we think, seriously disrupt the administration of justice.

---

2. *Linkletter* held that the *Mapp* exclusionary rule did not apply to state court convictions which had become final before the *Mapp* decision. In footnote 5 the court said "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in Mapp v. Ohio." 381 U.S., at 622, 85 S.Ct. at 1734.

3. If *Mapp* does not apply petitioner cannot prevail. The Pennsylvania case law in 1957 would not have excluded the evidence even if the search warrant had been invalid. At that time the controlling case was Commonwealth v. Dabbierio, 290 Pa.

174, 138 A. 679 (1927). There, the Pennsylvania Supreme Court held that the state constitution did not forbid the receipt into evidence, on the trial of their former possessor, of articles taken under a search warrant which was wrongfully issued and served.

4. Personnel of both the Federal District Court and the Allegheny County Court of Common Pleas have tried to find the search warrant. It is not contained in the court records and was not introduced at trial. Magistrate Fiorucci is now deceased and his records have been either destroyed or lost.

In addition to public policy factors, we think considerations of comity urge the same result. Here the Pennsylvania Supreme Court in an abundance of judicial indulgence granted petitioner's request and permitted him to appeal issues that would have been otherwise foreclosed and "final." We do not think that petitioner should now be able to come to federal court and argue that since the Supreme Court permitted him to appeal *nunc pro tunc*, the conviction was not "final" for purposes of *Linkletter*. Such a practice, if permitted, would discourage rather than encourage the state courts to review their own processes. This is a result which, for obvious reasons, we seek to avoid.

Accordingly, for the reasons stated in this opinion, petitioner's complaint shall be and hereby is ordered dismissed.

There is no probable cause for appeal.

It is so ordered..