## Commonwealth *v.* Stubler, Appellant.

*Criminal law—Intoxicating liquors—Possession, search and seizure without search warrant—Act of March 27, 1923, P. L. 34.*

An arrest or seizure is lawful without a warrant whenever that may reasonably be authorized at common law or by statute.

It is not a violation of the guaranty against illegal search and seizure for an officer in making an arrest, with or without a warrant, to discover and seize any evidence or fruits of the crime, found upon the prisoner or upon the premises under his control, if it is directly connected with the offense charged. This constitutes merely an incidental seizure of evidence of the crime, in the execution of a lawful arrest, and is not a wrongful invasion of the home by an unlawful seizure of the property. It is the duty of the officer making the arrest to take into custody and put in evidence the means by which the defendant was committing the offense charged.

There is a clear distinction between a man's private belongings, which are neither the subject of a crime, nor the means of perpetrating it, and stolen property, contraband articles, etc..

Where, in the trial of an indictment for unlawful possession of intoxicating liquor, the jury rendered a verdict of guilty, such verdict established the fact that the liquor was contraband and the defendant was not entitled to have the same returned.

32, (1924).].          Opinion of the Court.

Argued April 24, 1924.  Appeal, No. 185, Oct. T., 1923, by defendant, from judgment of Q. S. Blair Co., Oct. Sessions, 1921, No. 56, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John Stubler.  Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Rule to show cause why confiscated liquor should not be returned to petitioner.  Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.  Defendant appealed.

*Error assigned* was the order of the court.

*Thomas H. Greevy,* for appellant.

*Marion D. Patterson,* District Attorney, and with him *Frank G. Fisher,* Assistant District Attorney, for appellee.

OPINION BY GAWTHROP, J., July 2, 1924:

The sole question raised by this appeal is whether error was committed by the learned judge of the court of quarter sessions in discharging a rule granted to show cause why certain intoxicating liquors in possession of the Commonwealth's officers should not be returned to appellant.

The facts are undisputed.  Appellant held a license to sell vinous, spirituous, malt and brewed liquors at retail at the Fifth Ward Hotel, in the City of Altoona, Blair County.  He lived at the hotel, his dwelling and bedroom being on the second floor thereof.  On August 26, 1921, a member of the state police, armed with a warrant regularly issued to him pursuant to a complaint charging appellant with the sale of intoxicating liquors, arrested appellant in his hotel.  Immediately after the arrest the officers, without a search warrant, made a

search of the premises and discovered and seized about two hundred and twelve quarts of different kinds of liquors in appellant's bedroom. On January 16, 1922, appellant filed a petition in the court below, alleging that the search and seizure of the liquor was illegal and praying for a rule on the district attorney to show cause why the liquors should not be returned to him. Between the time of the entry of the rule and the hearing thereon, appellant was convicted on an indictment charging him with unlawfully possessing and selling intoxicating liquor. The liquor seized was used at the trial as evidence against him. He has complied with the sentence.

Appellant's distinguished counsel urge upon us that the seizure of the liquor was illegal, because it was made without a search warrant; and that for that reason it should be redelivered to his client. Article I, section 8, of our Constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation subscribed to by the affiant." It will be noted that only unreasonable searches and seizures are forbidden. There may be a lawful arrest or seizure without a warrant wherever that may reasonably be authorized at common law or by statute: Com. v. Schwartz, 82 Pa. Superior Ct. 369; Com. v. Ruben, 82 Pa. Superior Ct. 315. It is not a violation of this guaranty against illegal search and seizure for an officer when making an arrest with or without a warrant to discover and seize any evidence or fruits of the crime found upon the prisoner or on premises under his control if it is directly connected with the offense charged. This constitutes merely an incidental seizure of evidence of crime in the execution of a lawful arrest, and not a wrongful invasion of the home by an unwarranted seizure of property: Com. v. Grasse, 80 Pa. Superior Ct. 480. This doctrine is firmly established.

32, (1924).]          Opinion of the Court.

It was recognized by the Supreme Court of the United States in Adams v. N. Y., 192 U. S. 585. And in Weeks v. U. S. 382, that court said of the Adams Case: "The decision in that case rests upon the incidental seizure made in the execution of a legal warrant." It was the duty of the officers making the arrest to take into custody and put in evidence the means by which appellant was committing the offense charged: Com. v. Klein & Goodstein, 81 Pa. Superior Ct. 551. "It is well settled that an officer making an arrest upon a criminal charge may also take into his possession the instruments of the crime and such other articles as may reasonably be of use as evidence upon the trial. The officer not only has the lawful power to do so, but he would be blameworthy if he failed to do so. The maintenance of public order and the protection of society, by efficient prosecution of criminals, require it": Getchell v. Page (M. E.), 18 L. R. A., N. S. 253. We are of opinion that the seizure of the liquor in question was legal and not in violation of the rights secured to appellant by the Constitution of Pennsylvania.

But, irrespective of the legality of the seizure of the liquor, we are of opinion that appellant's conviction established it to be contraband and forfeit and that he no longer had any right of property therein. The verdict of the jury established the fact that the possession of the liquor by appellant was criminal in character; that it was in violation of the Woner Act (Act of May 5, 1921, P. L. 407, section 20). There is a wide difference between articles the possession of which, in itself, is a crime and property, in itself innocent, which is only evidential in character. "There is a clear distinction between a man's private papers which are neither the subject of crime nor the means of perpetrating it and stolen property, implements of gaming and other property kept and used for an unlawful purpose": State v. Stoffels, 89 Minn. 205; 94 N. W. 675. As we said in Com. v. Schwartz, supra, in an opinion by Judge KELLER, "There is no

Opinion of the Court.   [84 Pa. Superior Ct.

more reason why intoxicating liquors unlawfully possessed, no matter how obtained by, or how they came into the custody of, the Commonwealth should be returned again to the criminal possession of the defendant, than there is that stolen goods similarity obtained should be returned to the thief, or that counterfeit plates and money should be handed back to the counterfeiter to pursue again his nefarious trade with them.   If the defendant's civil or constitutional rights have been infringed by the manner of their seizure, he has his remedy, civil or criminal as the case may be, against the offender.   But the wrong done him as an individual, in this respect, if any, is not rectified by committing another wrong against the public."   We have examined all of the authorities cited by the able counsel for appellant but find none of them in conflict with our conclusion.   Therefore we are constrained to hold that appellant is not entitled to have the liquor returned to him and that the court below rightly discharged the rule.

Judgment affirmed.