Com. of Pa. *v.* Colpo, Appellant.

Argued March 13, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*Septer W. Douglas,* and with him *A. R. Cingolani,*
for appellant.—The search .warrant was illegal and
void: Thompson v. U. S., 22 Fed. Rep. (2d) 134.

The admission in evidence of the liquor wrongfully

seized violated rights of the defendants guaranteed by the fourth (4th) and fifth (5th) amendments of the Federal Constitution: Gambino et al. v. United States, 275 U. S. 310; Staker v. U. S. 5 Fed. Rep. (2d) 312.

*Charles H. Miller,* for appellee, cited: Com. v. Stubler, 84 Pa. Superior Ct. 32; Com. v. Rubin, 82 Pa. Superior Ct. 315.

PER CURIAM, April 18, 1930:

The defendant was indicted for violation of the Act of March 27, 1923, P. L. 34, commonly called the Snyder Act.

At the trial of the defendant, the Commonwealth asked a witness what he saw at the house of the defendant at the time of the search warrant was executed. To this objection was made. The basis of appellant's objection was that as the search warant was not properly issued, no evidence obtained thereby could be admitted. The court overruled the objection and allowed the witness to describe the still and other articles employed in the manufacture of ''moonshine'' whiskey. The courts of our state have decided that the admissibility of evidence is not affected by the illegality of the means employed to obtain it: Com. v. Dabbierio, 290 Pa. 174; Com. v. Stubler, 84 Pa. Superior Ct. 32; Com. v. Schwartz, 82 Pa. Superior Ct. 369; Com. v. Sullivan, 91 Pa. Superior Ct. 544.

To overcome the effect of the decisions of our courts above cited, he replied that as the search warrant was issued at the instance of a ''National Prohibition Agent,'' so designated in the affidavit, the whole proceeding is governed by the Federal decisions, which would exclude the testimony obtained under an illegal warrant. The proposition is novel. The information charged an offense against the Act of Assembly. The case was duly returned to the quarter sessions and an indictment found. We cannot see how the mere fact

that the prosecution was initiated by a "Federal prohibition officer" who was so designated in the information, but who signed merely his name to it, should change the rules of evidence in the trial of the case and require the trial judge to follow decisions of the Supreme Court of the United States which admittedly are only applicable to proceedings in the Federal Courts. We quote with approval the language of the lower court, "We are not at all convinced that the fact of the prosecutor being at the same time a Federal prohibition officer deprives the State court of its right to arrest the defendant and to use such evidence in his trial as is competent under the laws of the Commonwealth. We are of opinion, therefore, that the evidence sought to be excluded is admissible, even if it be true that the prosecutor, Pindro, was the informant on which the warrant issued. There would seem to be no reason good in law which would prevent him, representing the Federal Government, to become interested and contribute his efforts to punish a violation of the law of both the United States and the Commonwealth of Pennsylvania."

The defendant, before the trial, presented a petition asking the lower court to suppress the evidence and to declare the search warrant void. As this was merely another method of raising the same question which we have already discussed, it requires no further comment.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.