## Commonwealth ex rel. *v.* Salary Board of McKean County, Appellant.

Argued April 7, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*W. D. Gallup,* with him *F. D. Gallup* and *E. G. Potter,* for appellant.

*C. W. Shattuck,* District Attorney, appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 25, 1936 :

The district attorney of McKean County, with the approval of the court of quarter sessions, on January 6th of this year, appointed John J. Allison as special detective for the county for the year 1936, claiming the power to do so under the Act of May 2, 1929, P. L. 1278, 16 PS section 281. McKean County is a county of the sixth class. Following the appointment, the district attorney requested the salary board to fix the annual salary of the appointee. This the board refused to do, taking the position that the district attorney had no author-

ity to appoint a special detective without having first appointed a county detective. The board passed a resolution fixing the annual salary of the appointee as county detective at $2,500.

After this action a case stated was submitted to the court below with the same force and effect as if mandamus proceedings had been issued to compel the board to fix the salary of the appointee as special detective, although the appointment of a county detective had not first been made. In disposing of the case stated the court directed that a peremptory writ of mandamus issue commanding the salary board to fix the annual salary of the appointee as special detective. From this order the salary board appeals, contending that it has no authority to fix an annual salary for a special detective, and that such a detective is appointable for a special purpose only and for a temporary period of employment.

To reach a conclusion on the matter an examination of certain acts of assembly is required. The General County Law of May 2, 1929, P. L. 1278, article III, section 281, 16 PS section 281, under which the district attorney claims the power to make the appointment, provides (P. L. 1318) : "The district attorney of any county may, with the approval of the court of quarter sessions, whenever said court and district attorney may deem it necessary, appoint an officer as a special detective, whose duty it shall be to assist in obtaining such evidence as shall be directed by the district attorney for the Commonwealth in all criminal cases, and perform such other duties as the court may direct. The compensation of such special detective shall be fixed by the president judge of the court of quarter sessions, or the salary board, as the case may be. . . ." The General County Law of 1929, as amended by the Act of June 9, 1931, P. L. 401, 16 PS section 280, in Cumulative Annual Pocket Part, provides: "In all counties of the sixth class, the district attorney shall have power to appoint, with the approval of the president judge of the court of

common pleas of such county, one county detective, at an annual salary not to exceed two thousand five hundred dollars ($2,500), to be fixed by the salary board, in counties where there is a salary board, and in other counties by the district attorney, with the approval of the president judge of said court. . . . The county detective herein provided for shall hold his position during the term of the district attorney appointing him, and shall be removable at his pleasure. . . . Provided, however, that nothing herein contained shall prevent the employment of one or more detectives for special purposes as now provided by law."

The Act of May 19, 1874, P. L. 218, provided for the appointment of a special detective with the court's approval, as did the Act of April 13, 1876, P. L. 28, which supplemented it. These acts were repealed by the General County Law of 1929 and the provisions of the earlier acts were simultaneously carried into the new general statute. This meant that there should be no change in the law: *Com. v. McNamara,* 93 Pa. Superior Ct. 267, 271; *Haspel v. O'Brien,* 218 Pa. 146, 149. The General County Law itself expressly provides that the provisions of the act, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws and not as new enactments.

Our perusal of the statutes leads us to the conclusion that the district attorney did not have power to appoint a special detective for a yearly term, that he may appoint such an officer for some special service only, that the compensation is to be measured by the value of the special service rendered and that he may appoint such special detective with the court's approval for a particular service, whether he has appointed a county detective or not. It follows from this that the court below was in error in awarding the mandamus.

The order is reversed; costs to be paid by the County of McKean.