Commonwealth *v.* Gross, Appellant.

Argued October 30, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Russell C. Mauch,* with him *Milton J. Goodman,* for appellant.

*M. C. Schrader,* Assistant District Attorney, with him *William A. Frack,* District Attorney, for appellee.

OPINION BY JAMES, J., January 29, 1937:

Appellant was charged in an indictment containing two counts: first, unlawful manufacture of liquor, and, second, unlawful possession of liquor, on April 23, 1936. The jury returned a verdict of not guilty as to the first count and guilty as to the second. Defendant's motions for a new trial and in arrest of judgment were overruled and he was sentenced to a fine of $200, and to undergo imprisonment for a period of nine months.

Appellant's assignments of error, 1, 2, 3, 4 and 10 relate to the discharge of the rule to suppress the ar-

ticles seized, because the entry into appellant's dwelling house was illegal and the search warrant defective, and in overruling objections to receiving the articles so seized into evidence. As they all involve the same question, we shall dispose of them together. Section 611 of the Pennsylvania Liquor Control Act (Act of July 18, 1935, P. L. 1246, 47 PS §744—611, Pk. Pt.) provides: "No property rights shall exist in any liquor ......illegally possessed, ...... and the same shall be deemed contraband and shall be forfeited to the Commonwealth." In *Com. v. Vigliotti*, 75 Pa. Superior Ct. 366, 378, where, as far as appears from the report, no search warrant was even issued, this court said: "Conceding that the packages were taken from the store and residence of the defendants without authority, the admissibility of the evidence is not affected by the illegality of the means through which it was obtained. The court will not suspend the conduct of a trial to enter into a collateral inquiry as to the means through which the evidence, otherwise competent, was obtained. If a wrong was done the owner, his remedy is in a different forum." This was approved in *Com. v. Rubin*, 82 Pa. Superior Ct. 315; *Com. v Schwartz*, 82 Pa. Superior Ct. 369; *Com. v. Hunsinger*, 89 Pa. Superior Ct. 238, 290 Pa. 185, 138 A. 683; *Com. v. Dabbiero*, 89 Pa. Superior Ct. 435, 290 Pa. 174, 138 A. 679; *Com. v. Sullivan*, 91 Pa. Superior Ct. 544; and approved when done by others than officers of the Commonwealth: *Com v. Colpo*, 98 Pa. Superior Ct. 460. The articles were properly admitted and the assignments are overruled.

Assignment five alleges error in the trial judge's refusal of a continuance because the defendant did not have the benefit of the entire panel, and because some of the jurors on the panel had seen and were prejudiced by a still, which had been set up in the courtroom. When appellant's case was called for trial, his counsel

objected that certain apparatus and equipment, constituting a moonshine still, had been erected in the courtroom; whereupon, at the direction of the court, all of the articles objected to were removed from the courtroom and out of sight or view of the jury before it was drawn or sworn. The case proceeded to trial and some witnesses had been examined, when appellant's counsel brought to the attention of the court that one of Commonwealth's witnesses had spoken to the defendant in the presence of several of the jurors; whereupon, after an investigation, upon motion of defendant's counsel, the court withdrew a juror and the case was continued. The district attorney immediately called the case for trial. When the case was continued, the discharged jurors were directed to return to the main courtroom and warned not to say anything to the other jurors that the case had been continued. Counsel for defendant objected to the jury being called from the same panel and especially because the court had directed that the twelve jurors, who had previously been drawn, should not be called in the case then on trial. In excluding the jurors, who had previously been impaneled, we are unable to see how appellant was in any manner prejudiced. Their exclusion could not have affected appellant in any different manner than if they had been called upon the trial of another cause. As we view it, the action of the trial judge was beneficial rather than injurious to appellant's case. It is not accorded to a defendant to be tried by a jury of a particular class, nor has he a right to any particular person or persons on the jury, nor to any particular set of men from whom his jury is to be chosen: *Com. v. Zell & Herr*, 81 Pa. Superior Ct. 145, 149. A defendant is entitled to an impartial jury, but not to any particular juror or jurors: *Com. v. Crow*, 303 Pa. 91, 154 A. 283. In refusing the continuance, we find no abuse of discretion. The same equipment, which it

was contended had prejudiced the jury, was produced, set up and introduced in evidence on the present trial. This assignment of error is overruled.

Appellant complains, under assignment of error six, of the court's refusal to sustain a challenge for cause against juror Kressler, who later was challenged peremptorily by appellant. The record contains no exceptions to the ruling of the court and this reason was not urged upon motion for a new trial. The juror's answers that persons charged with violations of the liquor law should have, and that he could give them, a fair trial, were not so affected by his later equivocal answers as to establish such bias and prejudice that the juror could not serve impartially.

While a state enforcement officer, on the stand as a witness for the Commonwealth, was under cross-examination as to whether the equipment set up in the courtroom was set up the way it was in the cellar of appellant's home, the witness stated, "that the only way to do that would be to have Mr. Gross do it." Appellant's counsel objected to the remarks and moved for the withdrawal of a juror. The court denied the motion and directed the jury to disregard the remarks entirely, and the witness was directed to answer only questions put to him without any side remarks. Later in the trial, appellant admitted he had placed the apparatus in the cellar of his house. "The effect of striking out objectionable questions, answers, or other evidence is ordinarily to cure any harm done and to avoid any necessity of a continuance or new trial. To hold otherwise would mean that in every case where incompetent testimony was admitted, or where an improper question was asked or comment made by counsel, the trial court would be helpless to cure the accidental mistake and a new trial would be necessary, incalculable burdens and delays thereby being added to the litigation: *Haun v. McCabe*, 308 Pa. 431, 162 A.

906": Standard Penna. Practice, Vol. 5, §544. In rebuking the witness and instructing the jury to disregard the remarks, whatever harm, if any, appellant had suffered, was fully cured. This fully answers assignment seven.

While on the stand, appellant admitted he had previously been convicted of a liquor violation, and when called for sentence, his counsel stated to the court that appellant had been convicted, on December 13, 1934, in the Court of Quarter Sessions of Northampton County on an indictment containing a count for illegal possession under the Act of November 29, 1933, P. L. 15. In imposing sentence on the present conviction, the court dealt with defendant as having been guilty of a subsequent offence, for which a term of imprisonment could be and was imposed. This was assigned as error. Under the Act of 1933-34, supra, §610 (b), the penalty for illegal possession was: "...... upon conviction thereof, shall be sentenced to pay a fine of not less than three hundred dollars ($300.00), nor more than five hundred dollars ($500.00), and, on failure to pay such fine, to imprisonment for six months, and for any subsequent offense, shall be sentenced to pay a fine of five hundred dollars ($500.00) and to undergo imprisonment for a period of one year." This section is modified by the Act of July 18, 1935, P. L. 1246, §610 (a), which provides: "......upon conviction thereof, shall be sentenced to pay a fine of not more than three hundred dollars ($300.00) and, on failure to pay such fine, to imprisonment for not more than three months, and for any subsequent offense shall be sentenced to pay a fine of not more than five hundred dollars ($500.00) and to undergo imprisonment for a period of not more than one year." The title of the Act of 1935, supra, states: "AN ACT To reenact and amend the title and the act approved the twenty-ninth day of November, one thousand nine hundred and

thirty-three (Pamphlet Laws fifteen—one thousand nine hundred thirty-three—one thousand nine hundred thirty-four), entitled 'An act to regulate and restrain the sale, importation, and use of certain alcoholic beverages; ......" Section 1 of the act provides: "That the title of, and the entire act approved the twenty-ninth day of November, one thousand nine hundred and thirty-three (Pamphlet Laws fifteen—one thousand nine hundred thirty-three—one thousand nine hundred thirty-four) ...... are hereby reenacted and amended to read as follows: ......" Section 801 of this act provides: "This amendment and reenactment shall become effective immediately upon its final enactment." This language establishes beyond doubt the intention of the legislature that the Act of 1933 was not to be repealed, but that its provisions were to continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced: *Haspel v. O'Brien*, 218 Pa. 146, 67 A. 123; *Com. v. Meyers*, 290 Pa. 573, 139 A. 374; *Com. v. Salary Board*, 322 Pa. 138, 185 A. 278; *Com. v. Velevsky*, 79 Pa. Superior Ct. 12; *Com. v. McNamara*, 93 Pa. Superior Ct. 267. It follows that appellant was properly sentenced as a subsequent offender.

We shall not attempt to discuss the voluminous and persuasive testimony produced by the Commonwealth as to appellant's guilt; and as the testimony was properly admitted, appellant's motion for a directed verdict was properly refused.

The assignments of error are overruled and the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.