## Langhorne Manor Borough *v*. Clayton, Appellant.

Argued November 17, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John L. DuBois,* for appellant.

*Lawrence A. Monroe,* for appellee.

OPINION BY PARKER, J., January 27, 1938:

The Borough of Langhorne Manor, in an action of assumpsit, recovered a judgment against the defendant for penalties for the violation of a borough ordinance. The defendant has appealed to this court, contending that the ordinance for the violation of which the penalties were recovered was repealed by a later ordinance.

The facts were agreed upon in the form of a written stipulation. The borough, on August 6, 1934, enacted an ordinance for the protection of the public health in the borough, providing regulations for the obtaining of permits and the construction of grease traps, septic tanks and cesspools, and the connection of privies, sinks and the like, and providing penalties for a failure to comply with the provisions.

On June 15, 1935 the defendant constructed a house on lots owned by him and situated in the borough, and made certain sanitary connections without complying with the terms of that ordinance. This action was brought on July 8, 1936 for penalties for violation of the terms of the ordinance and a judgment was recovered. Defendant concedes that if the ordinance had not then been repealed his appeal to this court must be decided adversely to him. On January 6, 1936 the borough had enacted a second ordinance dealing with the same subject as the ordinance of 1934. If the earlier ordinance was thereby repealed then the appellant must prevail.

A municipality such as a borough is but a creature of the legislature and rules applicable to the repeal of a

law govern in the case of a borough ordinance. "It is well settled that all proceedings which have not been determined by final judgment, are wiped out by a repeal of the act under which the prosecution for the offense took place": *Scranton City v. Rose*, 60 Pa. Superior Ct. 458, 462. "The repealed statute, in regard to its operative effect, is considered as if it had never existed except as to matters and prosecutions past and closed": *Com. v. Beattie*, 93 Pa. Superior Ct. 404, 412. Also see 25 R. C. L. p. 932, §183. We must, therefore, examine the ordinances for the purpose of ascertaining whether the ordinance of 1934 was in fact repealed by the later one.

The earlier ordinance contains six sections and the later one seven sections. The title and the first four sections of each ordinance are identical; the sixth section of the former and the seventh section of the latter provide the penalties and are likewise identical. The fifth section of each provides specifications for the construction of septic tanks and cesspools, those in the later ordinance being given in greater detail, but not imposing as heavy a burden. Finally, while the ordinance of 1936 did not expressly repeal the earlier ordinance, it did provide: "All ordinances or parts of ordinances inconsistent herewith are hereby repealed." The claim here made for penalties was for acts as to which the provisions of the two ordinances were identical, the first four sections of each and the clause imposing the penalties.

From the facts detailed we are required to ascertain the legislative intent of the borough in passing the later ordinance. While the effect of a repeal is as we have before stated, it must be read in the light of an equally well settled principle. "The prevailing view is that even where a statute is expressly repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal and the provisions of the repealed act which are thus re-enacted continue in force without interruption so that all rights and liabili-

560

ties that have accrued thereunder are preserved and may be enforced: 25 R. C. L. par. 186, p. 934; Lewis' Sutherland Statutory Construction, 2nd Ed. Vol. 1, p. 445. Judge ENDLICH says at paragraph 490 of his work on the Interpretation of Statutes: 'It seems, indeed, to be the general understanding that the re-enactment of an earlier statute is a continuance, not a repeal of the latter, even though the later act expressly repeals the earlier ...... and it (the principle) has been applied to criminal statutes so as to permit a conviction for an offense against the re-enacted old law, even where the re-enacting law undertook to repeal it; the re-enactment being construed a continuance' ": *Com. v. Beattie,* supra, p. 412. To the same effect are *Haspel v. O'Brien,* 218 Pa. 146, 67 A. 123 and *Com. v. Meyers,* 290 Pa. 573, 139 A. 374. " 'Even in cases of express repeal where at the same time the provisions of the repealed statutes are re-enacted by the repealing act, the earlier statute is not in fact repealed, but its provisions continue in operation as amended' ": *Com. v. McNamara,* 93 Pa. Superior Ct. 267, 272.

Since the provisions of the old and new ordinances, under which provisions this action was brought, are identical, it is considered that those parts of the old ordinance are carried into the new one and no change in that respect is made. The result is analogous to that created by an amendment where the continuity of the re-enacted portion is not affected: *Com. v. Salary Board,* 322 Pa. 138, 141, 185 A. 278. It is clear in such a situation that there is not an hiatus.

Judgment affirmed.