Philadelphia *v.* Bartell, Appellant.

320

Argued October 10, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James H. McHale,* for appellant.

*Russell Miller,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, for appellee.

OPINION BY KELLER, P. J., March 2, 1940:

We are in full sympathy with the object of the City of Philadelphia in bringing this proceeding, **and regret**

that we are obliged to set aside the decree and remit the City to some other remedy.

We assume for the purposes of this appeal that the defendant appellant, between January 11, 1937 and February 1, 1937, flagrantly violated provisions of the Building Code for Cities of the First Class, approved May 1, 1929, P. L. 1063, with special reference to section 4302, relating to building over area ways; and also violated certain provisions of the Philadelphia Zoning Ordinance of August 10, 1933, (Book of Ordinances 1933, p. 268) enacted pursuant to the Enabling Act of May 6, 1929, P. L. 1551; and that for such violation of the Building Code—as distinguished from the violation of the Zoning Ordinance—the City might have promptly acted under section 404 of the Building Code and adopted the proceeding used in this case in the court below.

But, before this proceeding was begun on October 27, 1938, the Building Code of May 1, 1929, supra, had been specifically repealed by the Act of April 14, 1937, P. L. 313, enabling cities of the first class et al. to govern and regulate by *ordinance* the construction, alteration, repairs......use and inspection of all buildings, effective September 1, 1937, *without any saving clause* as respects proceedings for violations of its provisions then existing; and no proceedings under it could thereafter be begun for prior violations.

But the City bases its right to institute these proceedings for defendant's violation of the Building Code aforesaid between January 11, and February 1, 1937, on the fact that on August 31, 1937 it passed an ordinance, effective September 1, 1937, adopting *merely by title and in general language* the entire Building Code of May 1, 1929, P. L. 1063, as the ordinance which it was authorized by the Act of April 14, 1937, P. L. 313, to enact and enforce to govern and regulate the con-

struction, alteration, repairs......use and inspection of all buildings, etc., in the City of Philadelphia.

We are aware of the long line of cases cited by the appellee upholding the principle that the re-enactment of the provisions of an earlier statute amounts to a continuance of those provisions, even though the later act expressly repeals the earlier one, where it is apparent that it is the legislative intention that the provision is to have unbroken continuance. See, inter alia, *Com. v. Beattie*, 93 Pa. Superior Ct. 404; *Com. v. McNamara*, 93 Pa. Superior Ct. 267; *Langhorne Manor Borough v. Clayton*, 129 Pa. Superior Ct. 557, 196 A. 584; *Haspel v. O'Brien*, 218 Pa. 146, 149, 67 A. 123; *Com. v. Salary Board of McKean County*, 322 Pa. 138, 185 A. 278. But only the legislature can by *re-enactment* save or continue what the legislature repeals. In all the cases cited, the re-enactment and the repeal were in the same statute. City council cannot by enacting in an ordinance provisions of an act repealed by the *Legislature* keep alive and continue what was thus repealed by the legislature.

If Congress should repeal some regulatory or punitive federal statute, effective September 1, 1940, would any one seriously contend that if the General Assembly of Pennsylvania should pass an act embodying its provisions, effective September 1, 1940, a violator of the federal statute could be proceeded against under the state statute, even if the repealing statute of Congress granted authority to the state to legislate on the subject?

The matter is too plain for further argument.

Furthermore, an ordinance of Philadelphia City Council can give no instructions or directions to the Court of Common Pleas of Philadelphia County or the Sheriff of Philadelphia County, such as it was competent for the General Assembly to give them under section 404 of the Building Code of May 1, 1929, P. L.

1063, and such as was attempted to be done in this proceeding.

Section 1 of the Act of April 14, 1937, supra, authorizes and empowers the City of Philadelphia to enact and enforce suitable ordinances to govern and regulate the construction, alteration, repairs......use and inspection of all buildings, etc., "and the said ordinances may provide proper penalties not exceeding five hundred dollars ($500) for the violation of their provisions." This gives the City no power or authority to re-enact as part of its ordinance the special proceedings for enforcing its provisions in case of violations, contained in section 404 of the repealed act.

Nor does the second section of the Act of April 14, 1937, supra, which obviously relates to violations of the ordinance subsequent to its enactment,[1] authorize recourse to any proceedings other than the usual and regular action at law or bill in equity, which, an examination of the original record in this case shows this was not.[2] See *Beckershoff v. Bomba,* 112 Pa. Superior Ct. 294, 170 A. 449. It was a special "Petition to Remove Dangerous Condition of Building," filed in accordance with section 404 of the Building Code of 1929, cer-

---

[1] "Section 2. In case any building or structure is constructed, reconstructed, altered, repaired, converted or maintained, or any building or land is used in violation of any ordinance enacted under authority conferred hereby, the corporate authorities of any city of the first, second and second class A, incorporated town, borough, or township of the second class, in addition to the penalties provided by ordinances enacted herewith, may institute appropriate actions or proceedings at law or in equity to prevent and restrain such unlawful construction, reconstruction, alteration, repairs, conversion, maintenance, or use and to restrain, correct, or abate such violation, and to prevent the occupancy of said building or structure."

[2] The petition was filed on October 27, 1938. It did not have endorsed upon it the notice prescribed in Rule 33 of the Equity Rules. It was entitled "PETITION" instead of "BILL IN EQUITY," and contained only the following endorsement: "And

tifying violations of the code to the court of common pleas, and praying for the relief provided under that section. It did not comply with the Equity Rules adopted by the Supreme Court, see inter alia, Rule 33. See note 2 below.

Section 3 of the Act of April 14, 1937, supra, provides that the ordinances to be enacted by the City must not be inconsistent with the provisions of any statute governing the same matter, but that regulations which are additional or supplementary to the statute law and not inconsistent therewith, may be prescribed or enacted in the ordinance for the purpose of carrying into effect the provisions of the statute law; but this clearly relates to *existing* statutes and the provision is wholly prospective.

We are not to be understood as deciding or even suggesting that in enforcing the zoning ordinance of August 10, 1933, which remains in full force, the City is restricted to the collection of a penalty for its violation, and may not, in proper cases, proceed by bill in equity to compel compliance with its provisions and to abate a structure erected in violation of it. See the Enabling Act of May 6, 1929, P. L. 1551, section 10.

Decree reversed, at appellant's costs.

---

now, Jan. 20, 1939 upon presentation and consideration of the within petition, and on motion of Joseph Sharfsin, City Solicitor, the Court orders and decrees the within named Michael Bartell, also known as Michele Bartello, owner, be, and he is hereby directed to remove, or cause to be removed the illegal condition of the building hereinbefore described and complained of within five (5) days from the date of service hereof, or show cause to this Court within that time why the same should not be done. KUN, Judge." There is nothing in the record to show when or how it was served on the defendant, but he filed an answer on January 28, 1939.