Opinion by
 

 Dithrich, J.,
 

 Appellant, holder of a Pennsylvania Malt or Brewed Beverage License, after a trial by jury, was convicted of violating §602, article VI,- of the Pennsylvania Liquor Control Act of November 29, 1933, Sp. Sess., P. L. 15, as amended, 47-PS §744-602, which makes it unlawful for any person “. . . to have or keep any liquor within the Commonwealth, unless the package ... in which the liquor is contained, . . . bears the official seal of the board.”
 

 Appellant admittedly brought into Pennsylvania liquor which he had purchased in a liquor store in Steubenville, Ohio. Pennsylvania Liquor Control Board officers, who had been stationed at the Ohio store, saw appellant make the purchase and place the packages in an automobile which bore a Pennsylvania license number. They tried to follow appellant back into Pennsylvania but lost trace of him somewhere in West Virginia. They then proceeded to the State Police barracks in Imperial, Pa., where they secured the information that appellant was the owner of ah automobile bearing the license number of the car they had observed in Ohio, after which they proceeded to his place of business in Washington County.
 

 Not finding the liquor in the restaurant, the officers questioned appellant and were told by him that it was still in the automobile in his garage adjacent to the restaurant. Upon request of the officers, appellant opened the garage doors, the liquor was found and seized, and appellant was placed under arrest. The garage was located forty feet to the left of the restaurant, and appellant’s home was located thirty feet to the right thereof.
 

 The chief burden of appellant’s complaint is the admission in evidence of the liquor, which he contends was unlawfully seized. The learned court below held that it was not an unreasonable search and seizure, but
 
 *135
 
 whether it was or was not—and we agree that it was not—the evidence seized ivas clearly admissible.
 

 Subsequent to the filing on February 28, 1949, of the opinion in this case refusing appellant’s motions in arrest of judgment and for a new trial, the Supreme Court of the United States on June 27, 1949, speaking through Mir. Justice Frankfurter, in
 
 Wolf v. Colorado,
 
 338 U. S. 25, said, at pages 25, 26: “The precise question for consideration is this: Does a conviction by a State court for a State offense deny the ‘due process of law’ required by the Fourteenth Amendment, solely because evidence that was admitted at the trial was obtained under circumstances which would have rendered it inadmissible in a prosecution for violation of a federal law in a court of the United States because there [was] deemed to be an infraction of the Fourth Amendment as applied in Weeks v. United States, 232 U. S. 383?”
 

 The Court held, page 33 (Justices Murphy, Douglas, and Rutledge dissenting), “that in a prosecution in a State court for a State crime the Fourteenth Amendment does not forbid the admission of evidence obtained by an unreasonable search and seizure.” The appendix to the opinion contains a number of tables showing the contrariety of views held by the several states of the problem in the light of the
 
 Weeks
 
 decision, supra. Pennsylvania is listed in Table E “Stales Which Passed on the
 
 Weeks
 
 Doctrine for the First Time After the
 
 Weeks
 
 Decision and in So Doing Rejected It.” See
 
 Commonwealth v.
 
 Dabbierio, 290 Pa. 174, 138 A. 679;
 
 Commonwealth v. Gross,
 
 125 Pa. Superior Ct. 373, 189 A. 726.
 

 The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.