## Commonwealth *v.* Rich, Appellant.

Argued September 29, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*John B. O'Brien,* for appellant.

*Alfred M. Nittle,* Assistant District Attorney, with him *Elias W. Spengler,* District Attorney, for appellee.

OPINION BY RENO, J., November 11, 1953:

Appellant was convicted of establishing and maintaining a gambling place and of pool-selling and book-making. The Penal Code of June 24, 1939, P. L. 872, §§605, 607, 18 P.S. §§4605, 4607. He does not question the sufficiency of the evidence to support the conviction and his arguments here are directed solely to the refusal of his petition for the return of the gambling paraphernalia seized on a search warrant and the admission into evidence at the trial of the seized articles.

The articles, as described in the opinion of Judge WOODRING, consisted of " 'Armstrong racing sheets' and other racing journals, the sixty slips of paper on which were written the names of various race tracks, operating on the day of the raid, names of horses which were running on those tracks, the number of the race in which said horse or horses were to run, and a dollar amount." The raiding officers also seized "a wooden rack taken from defendant's premises during the raid which contained slots or pockets, about four or five horizontally, and eight deep, vertically", together with "a box of miscellaneous content including pencils, paper pads, paper clips, etc., and papers and records which, if believed, evidenced upwards of 375 'numbers bets' ". The testimony of detectives and police officers identified the articles as gambling devices and described the manner in which such articles were customarily used in pool-selling and bookmaking.

The paraphernalia had been seized in a raid personally conducted by the district attorney under a search warrant issued by an alderman to a county detective, William J. Hontz, upon his information. The information bore as a signature only Hontz's name in typewriting and, although he averred that he had "probable cause for believing and just reasonable grounds

for believing and does believe that Gambling Devices" were concealed in appellant's premises, he did not state the source of his information or the facts upon which his belief was grounded.

Before he was indicted, appellant petitioned for the return of his property and for a rule on the Commonwealth to show cause why it should not be returned. The court fixed a date for a hearing, which was attended by appellant's counsel and an assistant district attorney. Judge WOODRING reports that "The petition was considered at length, factual representations made by counsel for both sides, and legal argument presented; whereupon, the court dismissed the petition and refused the issuance of a rule."

Over appellant's objections, based upon the alleged illegal seizure, the articles were admitted into evidence, and the verdict of guilty establishes that they were gambling devices. The information upon which the search warrant was issued was defective for lack of Hontz's signature.[1] Whether, in view of the provision[2] of the Act of March 31, 1860, P. L. 382, §59, 18 P.S. §1444, the wording of which seems to have been followed in

---

[1] The Act of June 18, 1895, P. L. 209, §1, 28 P.S. §281, which authorizes the use of typewriting "in any instrument whatsoever" does not legalize a typewritten signature.

[2] "If an affidavit be made and filed before any magistrate, before whom complaint has been made of the commission of either of the crimes provided against in the three preceding sections, setting forth that the affiant has reason to believe, and does believe, that the person charged in such complaint has upon his person, or at any other place named in said affidavit, any gaming table, device or apparatus, the discovery of which might lead to establish the truth of such charge, the said magistrate shall, by his warrant, command the officer who is authorized to arrest the person so charged to make diligent search for such table, device or apparatus, and if found to bring the same before such magistrate; . . ."

the instant information, the grounds for Hontz's belief should have been specifically stated need not now be decided. In any event the devices were subject to seizure, with or without a search warrant. Act of 1860, supra, §60, 18 P.S. §1445. Cf. *Com. v. Schwartz*, 82 Pa. Superior Ct. 369; *Com. v. Scanlon*, 84 Pa. Superior Ct. 569.

Howbeit, the admissibility of evidence is not affected by the illegality of the means through which the Commonwealth has been enabled to procure the evidence. *Com. v. Agoston*, 364 Pa. 464, 72 A. 2d 575. This is the doctrine of all our cases, some of which have been collated in a footnote.[3] The remedy for an illegal seizure is a suit against the parties responsible for it, that is, the party on whose complaint the warrant was issued or the officer who executed it, knowing that the supporting affidavit was defective. *Com. v. Rubin*, 82 Pa. Superior Ct. 315; *Com. v. Vigliotti*, (No. 1), 75 Pa. Superior Ct. 366; *Com. v. Schwartz*, supra. See 47 Am. Jur., Searches and Seizures, §§63-70; 79 C. J. S., Searches and Seizures, §§99-101.

The court below partly rested the admission of the seized property into evidence upon the fact that appellant had not appealed from its refusal of the rule to show cause. To that extent the court fell into error. The case is one of first impression in Pennsylvania but the controlling principle is firmly established. Orders refusing a rule or denying the return

---

[3] *Com. v. Dabbierio*, 290 Pa. 174, 138 A. 679; *Com. v. Connolly*, 290 Pa. 181, 138 A. 682; *Com. v. Hunsinger*, 290 Pa. 185, 138 A. 683; *Com. v. Greco*, 166 Pa. Superior Ct. 133, 70 A. 2d 413; *Com. v. Dugan*, 143 Pa. Superior Ct. 383, 18 A. 2d 84; *Com. v. Gross*, 125 Pa. Superior Ct. 373, 189 A. 726; *Com. v. Colpo*, 98 Pa. Superior Ct. 460; *Com. v. Schwartz*, 82 Pa. Superior Ct. 369; *Com. v. Vigliotti*, (No. 1), 75 Pa. Superior Ct. 366; *Com. v. Rubin*, 82 Pa. Superior Ct. 315; *Com. v. Grasse*, 80 Pa. Superior Ct. 480.

of seized property are interlocutory, and an appeal from them would be quashed. "Orders made during the pendency of a criminal action *denying* motions to vacate a search warrant, suppress evidence illegally obtained, or obtain the return of such property, are interlocutory and not appealable." (Emphasis added.) 24 C. J. S., Criminal Law, §1644. C. J. S. also states, ibid: "However, the denial of such an application is appealable where the application has the character of an independent proceeding, rather than of a step in the trial of the criminal case, as where the application is made by a stranger to the litigation, or is made prior to the return of an indictment or information." But this latter rule is derived from *Weeks v. U. S.,* 232 U. S. 383, 34 S. Ct. 341, which is not followed in Pennsylvania and has indeed been expressly repudiated by our Supreme Court and this Court.[4] *Com. v. Dabbierio,* 290 Pa. 174, 138 A. 679; *Com. v. Greco,* 166 Pa. Superior Ct. 133, 70 A. 2d 413; See *Wolf v. Colorado,* 338 U. S. 25, 69 S. Ct. 1359, where the United States Supreme Court acknowledged that Pennsylvania does not follow the *Weeks* case.

On the other hand, an order requiring officers to *return* seized property terminates the prosecution and is therefore a final judgment, from which the *Commonwealth* may appeal. *Com. v. Scanlon,* supra; *Com. v. Loesel,* 155 Pa. Superior Ct. 461, 38 A. 2d 523. And where the return and suppression of the evidence are ordered in terms so broad that the Commonwealth might be prejudiced in an effort to introduce secondary evidence concerning the gambling apparatus at the trial, the Commonwealth may appeal. *Com. v. Montanero,* 173 Pa. Superior Ct. 133, 96 A. 2d 178.

---

[4] See the devastating criticism of the *Weeks* case in 8 Wigmore on Evidence, §2184.

The court below properly denied appellant's motion for a new trial and an arrested judgment.

Judgment and sentence affirmed; the record is remitted to the court below; and it is ordered that appellant appear in the court below at such time as he may be there called and that he be by that court committed until he shall have complied with the sentence of the court, or any part thereof, which has not been performed at the time the appeal in this case was made a supersedeas.