Commonwealth, Appellant, *v.* Bruno.

Argued March 25, 1954. Before Ross, Gunther, Wright, Woodside and Ervin, JJ. (Rhodes, P. J. and Hirt, J., absent).

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellant.

*Thomas D. McBride,* with him *George T. Guarnieri,* for appellees.

OPINION BY WRIGHT, J., July 13, 1954:

This is an appeal by the Commonwealth from an order of the Court of Quarter Sessions of Philadelphia County quashing a search warrant and directing *that the papers and other articles seized thereunder be returned to the defendants.* The Commonwealth's complaint is directed only against the italicized portion of the order.

On March 18, 1953, Angelo Bruno and John Perna were arrested and charged with being concerned in the conduct of an illegal lottery and conspiracy. At the time of the arrest the officers had with them a warrant purportedly authorizing the search of premises at 1905 South Broad Street, where they found and seized, inter alia, 726 yellow "bankers" slips, 114 white slips containing 17,164 straight number plays, 3 Armstrong sheets, 1 tablet with Edgeoff bets, and 17 tally sheets. While the officers were in the building they received telephone calls in which the callers asked for Bruno and Perna and placed horse and numbers bets. See *Commonwealth v. DuHadway,* 175 Pa. Superior Ct. 201, 103 A. 2d 489. Subsequent to the preliminary hearing, at which Bruno and Perna were held for action by the grand jury, they filed petitions requesting that the search warrant be quashed, that the papers seized be returned, that the same be suppressed as evidence, and that the proceedings be dismissed and petitioners discharged. The court below, citing *Common-*

*wealth v. Montanero,* 173 Pa. Superior Ct. 133, 96 A. 2d 178, granted the first two requests.

Appellees have moved to quash the appeal on the ground that the decree of the court below was not a final order. Relying upon *Commonwealth v. Montanero,* supra, they contend that the order does not dispose of the prosecution. However, the question presently before the court differs from that decided in the *Montanero* case. There the petition to quash the search warrant was granted and the court further directed that *"the papers seized thereunder are suppressed as evidence* and ordered returned to the defendant". The Commonwealth on appeal challenged only the italicized language, and the issue of the validity of the latter portion of the order was not before us. In *Commonwealth v. Loesel et al.,* 155 Pa. Superior Ct. 461, 38 A. 2d 523, we passed upon an appeal by the Commonwealth from an order quashing a search warrant and directing that the seized property be returned. In *Commonwealth v. Rich,* 174 Pa. Superior Ct. 174, 100 A. 2d 144, we expressly stated that an order requiring officers to return seized property terminates the prosecution and is therefore a final judgment from which the Commonwealth may appeal.

Coming now to the merits, it is the Commonwealth's position that the numbers slips and other paraphernalia seized from appellees are gambling devices within the meaning of Section 60 of the Act of March 31, 1860, P. L. 382, PS 1445,[1] and are therefore subject to seizure with or without warrant. With this contention we agree, notwithstanding the argument of appellees that the crime of lottery is different from

---

[1] Repealed by Section 1201 of the Act of June 24, 1939, P. L. 872, 18 PS 5201, except for the provisions regarding search and seizure.

crimes relating to gambling within the meaning of Section 60, and that records are not devices.[2] The cases of *American Telephone and Telegraph Co.'s. Appeal,* supra, 126 Pa. Superior Ct. 533, 191 A. 210, and *Commonwealth v. DiOrio,* 159 Pa. Superior Ct. 641, 49 A. 2d 866, upon which principal reliance is placed, have no application in the present factual situation. In those cases we held that a teletype machine and an automobile, respectively, were not gambling devices.

The legislature has authorized in Section 60 the seizure, with or without warrant, of "any device or machine of any kind, character, or description whatsoever used and employed for the purposes of unlawful gaming". As pointed out by Judge KELLER in *Commonwealth v. Banks,* 98 Pa. Superior Ct. 432, the slips and papers used in the numbers game constitute the paraphernalia required for its operation. We have consistently included numbers slips within the designation gambling devices. See *Rosen v. Superintendent of Police,* 120 Pa. Superior Ct. 59, 181 A. 797; *American Telephone and Telegraph Co's. Appeal,* supra, 126 Pa. Superior Ct. 533, 191 A. 210; and *Fairmount Engine Co. v. Montgomery County,* 135 Pa. Superior Ct. 367, 5 A. 2d 419. In accord are *Gilley v. Commonwealth,* 312 Ky. 584, and *People v. Adams,* 176 N. Y. 351. An establishment where numbers slips and similar paraphernalia were found has been held to be a gambling house: *Commonwealth v. Palace,* 164 Pa. Superior Ct. 58, 63 A. 2d 511. And see *Commonwealth v. Rich,* supra, 174 Pa. Superior Ct. 174, 100 A. 2d 144. Devices made for gambling and incapable of lawful

---

[2] We deem it unnecessary to here discuss appellees' contention that the warrant was void, not merely technically invalid, because it violated their privilege against self-incrimination. See *Commonwealth ex rel. DiDio v. Baldi,* 176 Pa. Superior Ct. 119, 106 A. 2d 910.

use are not protected by the ordinary laws relating to personal property and the owner has no standing to assert property rights in them: *Commonwealth v. Kaiser*, 80 Pa. Superior Ct. 26.

The provision in the order of the court below "that the papers and other articles seized thereunder be returned to the defendant" is eliminated, and to that extent the order is modified. As so modified, the order of the court below is affirmed.