Commonwealth, Appellant, *v.* Christy.

Argued March 18, 1964.   Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Ward F. Clark,* First Assistant District Attorney, with him *William J. Carlin,* District Attorney, for Commonwealth, appellant.

*James Fitzcharles, III,* for appellee.

OPINION BY ERVIN, J., April 14, 1964:

On April 12, 1962 Sgt. Andrew J. Kutney, Pennsylvania State Police, signed a complaint for a search warrant before Justice of the Peace Charles E. Flaxman averring that he had "reasonable cause to believe and verily does believe that in and upon a certain premises [describing same] there are persons illegally engaged in gambling therein and that there has been set up and maintained therein certain gambling devices and games of address and hazard upon which money is betted upon and staked contrary to the Acts of Assembly. . . ." The complaint further prayed that a search warrant "issue for the entry into the above described premises to make diligent search therein in order to seize said gambling devices and the body of the person or persons in whose possession the same may be found to be dealt with according to law." This complaint or affidavit was undoubtedly filed under the provisions of §59 of the Act of 1860, March 31, P. L. 382, 18 PS §1444, which is as follows: "If an affidavit be made and filed before any magistrate, before whom complaint has been made of the commission of either of the crimes provided against in the three preceding sections, setting forth that the affiant has reason to believe, and does believe, that the person charged in such complaint has upon his person, or at any other place named in said affidavit, any gaming table, device or apparatus, the discovery of which might lead to establish the truth of such charge, the said magistrate shall, by his warrant, command the officer who is authorized to arrest the person so charged to make dili-

gent search for such table, device or apparatus, and if found to bring the same before such magistrate; and the officer so seizing shall deliver the same to the magistrate before whom he takes the prisoner, who shall retain possession, and be responsible therefor until the discharge, commitment or letting to bail of the person so charged; after which such officer shall retain such table, device or apparatus, subject to the order of the court before which such offender may be required to appear, until his discharge or conviction; and in case of the conviction of such person, the gaming table, device or apparatus shall, by the direction of the court be destroyed."

The justice of the peace on the same date issued a warrant which set forth that "WHEREAS a complaint in writing has this day been made before me . . . upon the sworn oath of Sgt. Andrew J. Kutney . . . and subscribed to by him, that there is probable cause to believe and that complainant verily does believe AND HAS just and reasonable grounds for believing that persons are unlawfully engaged in gambling and that there are unlawful gambling devices and games of address and hazard upon which money is being staked and betted upon in a certain one story building. . . ." The warrant further provided "These are, therefore, to command you and each one of you to enter the aforesaid premises and then and there make diligent search for the above described gambling devices; and if the same, or any part thereof, be found upon such search, that you bring the said gambling devices and the body of the person or persons in whose possession the same may be found before me to be examined concerning the premises and further to be dealt with according to law."

The officer, on the same date, proceeded to the premises and, after gaining entrance to the house, seized various articles of personal property listed more

particularly on the reverse of the said search warrant, and took into custody the occupant of the house, one James E. Christy. Christy and the articles of personal property were then transported to the office of the justice of the peace and Sgt. Kutney then signed a criminal information charging the said Christy with violation of §§603, 605 and 607 of The Penal Code of 1939. Subsequently defendant Christy filed a motion to quash the aforesaid search warrant and suppress the evidence seized pursuant thereto. After hearing, the court below made an order quashing the search warrant and suppressing the evidence.

The court below was of the opinion that §59 of the Act of 1860 required that a complaint be made of the commission of the specified gambling offenses before a warrant could be issued. If §59 were the only section to be considered we might agree with the reasoning of the court below, although a strong argument may be made that the word "complaint" as set forth in that section merely provided for a writing such as was initially used in this case. That writing is entitled

"COMPLAINT OR INFORMATION

FOR

SEARCH WARRANT

—GAMBLING—"

In the body of this paper it is stated that persons are illegally engaged in gambling and that there has been set up and maintained in certain premises certain gambling devices and games of address and hazard upon which money is betted upon and staked contrary to the Acts of Assembly. This language, in our judgment, is sufficient to charge the commission of crime and could very well be considered to be a complaint within the meaning of the word as used in §59. We need not, however, solely rely upon this construction. Section 59 of the Act of 1860 must be read in connection with §60 of the Act of 1860, which permits a sei-

zure such as was accomplished in this case with or without a search warrant and which permits the arrest of persons, such as the defendant in this case, with or without a body warrant. Section 60 was an addition to the system created by the Act of 1847 and intended to give greater facilities to officers in extirpating this offense. See Report on Penal Code, 21, 18 PS §4605, Historical Note. Sections 59 and 60 were not repealed by The Penal Code of 1939 and are still in force in this Commonwealth: *Urban's Appeal,* 148 Pa. Superior Ct. 101, 24 A. 2d 756.

We held in *Com. v. Bruno,* 176 Pa. Superior Ct. 115, 118, 106 A. 2d 905, that §60 of the Act of 1860 authorizes the seizure of gambling devices without warrant.

In *Com. v. Giambrone,* 183 Pa. Superior Ct. 283, 293, 130 A. 2d 254, we said that "the validity of seizure of gambling paraphernalia does not necessarily depend on the validity of the search warrant."

Order reversed.

FLOOD, J., concurs in the result.

WATKINS and MONTGOMERY, JJ., would affirm on the opinion of the court below.